*Sharp *against* Dusenbury.(a)          [*117]

If parties agree that the sheriff may admit any evidence, on a writ of inquiry before him, which could have been given on a trial, the court will not set aside the inquisition, because improper evidence had been received or proper evidence rejected by the sheriff.
Such an inquest is to be considered as in the nature of an arbitration.

P. W. Yates moved to set aside an interlocutory judgment, because the sheriff before whom the inquisition was taken, had admitted improper, and rejected proper evidence.

*Emott*, contra, read an affidavit that it had been agreed between the parties, than any evidence might be given be-

(a) S. C., C. C. 134.

---

Paddock v. Beebee.

---

fore the sheriff, which could be given on a trial, or could have been pleaded.

*Per Curiam.* The parties, by their agreement made the sheriff as a judge at a circuit; and when parties agree to submit a controversy to the decision of the sheriff, the inquest is to be considered, as in the nature of an arbitration, and in such case, the court will never set aside the inquisition merely because the sheriff admits improper, or rejects proper evidence.

Motion denied.