REUBEN R. BOUGHTON, as Executor, etc., of SARAH M. JAQUES, Deceased, Respondent, *v.* LOTTIE HARDER, Individually and as Executrix, etc., of FRANK P. HARDER, Deceased, and Others, Defendants.

GEORGE VAN VALKENBURGH, Appellant.

*A grantee of a part of mortgaged premises assuming the mortgage — payments made by him do not prevent the running of the Statute of Limitations against the mortgagor and the other parts of the mortgaged premises.*

In an action brought in April, 1899, to foreclose a mortgage given in 1861, and which became due in 1875, it appeared that the mortgage covered three parcels of land, and that in 1865 the mortgagor conveyed the third parcel subject to the mortgage, which the grantee covenanted to pay, and that all the subsequent conveyances of this parcel contained a similar covenant; that after the conveyance of the third parcel no payments were made upon the mortgage by the mortgagor or the person who, in 1897, acquired title to the remaining parcels from his executor, but the interest on the mortgage was paid up to 1894 by the owners of the third parcel.

*Held*, that the action was barred by the Statute of Limitations as to the mortgagor and the first and second parcels;

That there was no such privity between the mortgagor and the grantees of the third parcel as would render the payments made by such grantees operative to keep the mortgage alive as against the mortgagor.

KELLOGG, J., dissented.

APPEAL by the defendant, George Van Valkenburgh, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rensselaer on the 11th day of October, 1899, upon the decision of the court rendered after a trial before the court and a jury at the Rensselaer Trial Term, no question having been submitted to the jury for their determination, and also from an order entered in said clerk's office on the 12th day of October, 1899, denying the said defendant's motion for a new trial made upon the minutes.

*H. D. Bailey,* for the appellant.

*Joseph A. Lawson,* for the respondent.

LANDON, J.:

The mortgage which the plaintiff seeks to foreclose was given April 27, 1861, by Nicholas S. Miller upon three parcels of land of which he was the owner, to Peter I. Stophilbeen to secure the payment of Miller's bond for $2,835 and interest. The appellant insists that as against parcels 1 and 2 the plaintiff's remedy is barred by the Statute of Limitations. The mortgage became due April 1, 1875. This action was commenced in September, 1899.

Miller, by deed executed April 1, 1865, conveyed parcel 3 to George Trosspar for the consideration of $10,428.65, subject to the mortgage in question, the interest of which was paid up to that date, but no part of the principal. In this deed Trosspar assumed and agreed to pay the mortgage as a part of said consideration. Trosspar conveyed parcel 3 to Andrew Harder by deed executed April 1, 1871, for $5,500, subject to this mortgage, which Harder assumed and agreed to pay as part of said consideration. This deed states that the interest had been paid up to its date.

In like manner Andrew Harder conveyed parcel 3 to Frank Harder by deed executed April 1, 1879, for the consideration of $2,000, subject to the mortgage which the grantee assumed and agreed to pay. Frank Harder, the last grantee of parcel 3, paid the interest on the bond and mortgage from April 1, 1877, to April 1, 1894. George Trosspar paid it in 1876. It did not appear that Nicholas S. Miller paid any interest after he conveyed parcel 3.

Nicholas S. Miller continued to own parcels 1 and 2 until his

death, December 31, 1897, twenty-two years after the mortgage became due. His executor sold parcels 1 and 2 to the appellant Van Valkenburgh. No interest has been paid since April 1, 1894.

It thus appears that the mortgagor sold parcel 3 before the mortgage became due, to Trosspar, who, as a part of the consideration, assumed the mortgage and agreed to pay it, and that Trosspar's subsequent grantees respectively in like manner assumed and agreed to pay the mortgage as a part of the consideration of the conveyances to them, and that in pursuance of this assumption and covenant the grantees of parcel 3 have made all the payments thereon since it became due, and that neither Miller nor Van Valkenburgh, the successive owners of parcels 1 and 2, has made any payments upon the mortgage since it became due, a period of upwards of twenty-four years before the commencement of this action.

Upon these facts, we think the Statute of Limitations bars plaintiff's recourse to the mortgagor and to parcels 1 and 2. The payment of interest by Miller's grantees after the mortgage became due, was not Miller's act; the extension or delay by the owner of the mortgage in exacting payment of the principal was not asked by Miller or conceded to him, and, hence, whatever renewal of the mortgage was effected by the payment of interest was the act of others, and not of Miller, and, therefore, did not bind him.

It is contended, however, that Miller, in taking to himself the covenant of his grantee to assume the mortgage and pay it, employed the grantee to discharge Miller's liability, and, therefore, whatever payments of interest the grantee made upon the mortgage were Miller's acts. *Murdock* v. *Waterman* (145 N. Y. 65) is cited in support of this contention. It was held in that case that the payment by the owners of one of the mortgaged parcels did not renew the mortgage as to the owner of the other parcel in the absence of evidence of agency of the payers for the owner of the other parcel, or of such relations to the land or the debt as would support the implication of authority to pay for both owners. The court said, that " The guiding and controlling consideration is that the payment must be made by a party to the obligation or by his authorized agent. If payment by one is relied upon to take the contract out of the statute as to another, it must be shown that the party who made the payment was in fact or in law the agent of the other in

respect to his liability. When the person paying is bound, those in privity with him may be bound also."

The mortgagor's grantees were not the agents of the mortgagor. In the deeds to them they covenanted to pay the mortgage debt. This covenant was one which the mortgagee could enforce. When they paid the interest, they paid it upon their own covenant, and also to protect their own title. As between grantor and grantee, the grantee was the debtor, and the grantor and mortgagor was surety. Whether one was the agent of the other depends upon their relations between themselves. As by his assumption and covenant of payment, the grantee agreed to pay the debt he assumed, in paying it he necessarily acted for himself, and thus he paid as principal and not as agent.

The mortgagor was not in privity with his grantee. He was not his heir, executor or representative; he succeeded to no part of the mortgaged estate from him. Privity implies succession. He who is in privity stands in the shoes or sits in the seat of the owner from whom he derives his title, and thus takes it charged with the burden attending it. Here the grantee of parcel 3, in buying the mortgaged land, bought it subject to the mortgage, but if he had not covenanted to pay the mortgage, he would have incurred no personal liability to pay it, and hence even the grantee of the mortgagor is not in privity with the mortgagor as to his covenant to pay, but that liability arises solely from his own covenant.

It is apparent from the cases cited in the opinion in *Murdock* v. *Waterman* that the word " privity " is used in the sense we have indicated. (*New York Life Ins. & Trust Co.* v. *Covert*, 6 Abb. [N. S.] 154; *Hughes* v. *Edwards*, 9 Wheat. 489.) In these cases it was held that payments made by the mortgagor upon the bond which was secured by the mortgage would keep the bond and mortgage in life against the mortgagor's subsequent grantees, for the reason that the debt being the mortgagor's, he could keep it alive by payments, and his grantees having notice of the mortgage sat in his seat and were bound by his payments. He did not act as agent for them, but acted for himself as to the debt, and the mortgage being security for the debt, and not a separate obligation for its payment, continued in life along with the debt itself. In these cases the Statute of Limitations was not pleaded. (See *Fowler* v. *Wood*, 78 Hun, 304.)

We think the Statute of Limitations had run as to the mortgagor and parcels 1 and 2.

As the case was not tried before a jury, there was no need to move for a new trial on the minutes.

All concurred, except KELLOGG, J., dissenting.·

Judgment and order reversed as to the appellant, and a new trial granted as to appellant, costs to abide the event..