JOHN J. MACK, Respondent, v. ROBERT H. ANDERSON, Appellant, Impleaded with Others.

LIMITATION OF ACTIONS — WHEN ACTION OF FORECLOSURE IS BARRED.
Where the mortgagor has made no payments on a mortgage debt for twenty years, payments thereon by grantees of a portion of the premises who have assumed the debt, do not arrest the operation of the Statute of Limitations in favor of the grantee of another parcel thereof, who has not assumed the payment of the mortgage debt, and has neither made nor authorized any payments thereon within that time, and an action to foreclose the mortgage as against him is barred.

*Mack* v. *Anderson*, 12 App. Div. 624, reversed.

(Argued December 18, 1900; decided February 5, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 13, 1897, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*D. P. Morehouse* for appellant. The Statute of Limitations bars the plaintiff's right to sell the land of Anderson. It was undisputed that neither Anderson nor his grantor, or any one in his behalf, has ever paid anything on the bond or mortgage, and that twenty-eight years had elapsed since they became due before this action was commenced. No one can make a payment on an indebtedness which will operate as a new promise on the part of the debtor or take it out of the Statute of Limitations, except the debtor or his agent duly authorized so to do. (*Kelly* v. *Weber*, 27 Hun, 8; *Miller* v. *Magee*, 17 N. Y. S. R. 547.) Partial payment by one of two joint debtors will not revive the debt as against the other. (*Dunning* v. *Powell*, 18 Wky. Dig. 187; 2 R. S. 301, § 48.)

*W. H. Kenyon* for respondent. The Statute of Limitations is not available to the appellant. (*N. Y. L. Ins. & T. Co.*

67

v. *Covert*, 3 Abb. Ct. App. Dec. 350 ; *Murdock* v. *Waterman*, 145 N. Y. 55 ; Jones on Mort. §§ 742, 942 ; *Brinckerhoff* v. *Lansing*, 4 Johns. Ch. 65 ; *Bank of Utica* v. *Finch*, 3 Barb. Ch. 293 ; *Hill* v. *Beebe*, 13 N. Y. 556 ; *Babcock* v. *Morse*, 19 Barb. 140.)

WERNER, J. This action was brought to foreclose a mortgage given by the defendant David D. Metcalf to the Oswego City Savings Bank on the 6th day of May, 1864, to secure the payment of $1,300.00 and interest, in one year from the date thereof. The mortgage was given as collateral security to a bond of the same import. The lands mortgaged are situated in the town and county of Oswego, state of New York, and consist of two parcels, the first of which contains fifty acres. and the second twenty-five acres, both being described as parts of subdivision one of lot number thirty-three. This bond and mortgage were transferred by various *mesne* assignments to the plaintiff herein. On October 3rd, 1864, Metcalf, the original mortgagor, conveyed the twenty-five-acre parcel of said lands to one Harmon Anderson by a warranty deed which contained no reference to said mortgage. On December 19th, 1864, said Metcalf conveyed the remaining fifty acres to Janette Goodenough and Isaiah Remington by a warranty deed in which the grantees covenanted and agreed to pay said mortgage and the debt thereby secured to said bank. On November 19th, 1872, said Janette Goodenough conveyed to William I. Remington an undivided one-half interest in said fifty acres by a warranty deed in which the grantee assumed and agreed to pay one-half of said mortgage and the debt thereby secured. It is unnecessary to continue the history of the title to said fifty acres further than to say that by various *mesne* conveyances the title thereto vested in the defendant Cynthia Metcalf, who was the owner when this action was commenced. On April 23rd, 1875, said Harmon Anderson conveyed the twenty-five acres above mentioned to his son, the defendant appellant Robert H. Anderson, who was the owner thereof at the time of the trial. Eliminating

from the history of the trial all that has no bearing upon the
single question which we propose to discuss, it appears that
the appellant Anderson interposed an answer which, among
other defenses, set up the defense of the Statute of Limita-
tions.    Upon the record before us the other defenses referred
to present no obstacle to the affirmance of the judgment below,
and we shall, therefore, not discuss them.    Upon the defense
of the Statute of Limitations the following facts appear as
found by the trial court and affirmed by the Appellate
Division :  'The appellant Anderson and his grantor, Har-
mon Anderson, did not assume to pay the mortgage debt
or any part thereof, and never made any payments thereon.
From December 19th, 1864, until November 19th, 1872,
Janette Goodenough and Isaiah Remington, the grantees
in the deed from Metcalf in 1864, paid all of the interest
which accrued upon said mortgage.    In November, 1872,
said Goodenough conveyed her interest in said lands to
William I. Remington, who, from that time until 1882, paid
the full interest on said mortgage, the last of said payments
being for the interest which fell due in 1881.    No other pay-
ments of interest or principal were ever made by any one
except Metcalf, the mortgagor, who paid the interest for the
years 1889 and 1892.    It thus appears that from 1864 to 1889,
a period of twenty-five years, the mortgagor made no pay-
ments of either principal or interest, and that the only pay-
ments within that time were made by Goodenough and the
Remingtons who, as purchasers of the fifty acres, had assumed
and agreed to pay the mortgage debt.    These facts and find-
ings present the question whether the payments made by
Goodenough and the Remingtons, as grantees of the fifty
acres under covenants to pay the mortgage debt, operated to
keep that debt alive as to Anderson, the owner of the twenty-
five acres which were free from any covenant whatever.    The
period within which an action upon a sealed instrument must
be commenced, after a cause of action has accrued thereon, is
twenty years.    (Code Civ. Pro. secs. 380 and 381.)    These
sections apply to an action for the foreclosure of a mortgage.

(*Acker* v. *Acker*, 81 N. Y. 143.) Metcalf, the mortgagor, could have kept alive the bond and mortgage by making payments thereon within the twenty years, even after he had conveyed the premises. (*N. Y. Life Ins. & Trust Co.* v. *Covert*, 6 Abb. Pr. [N. S.] 154; *Hughes* v. *Edwards*, 9 Wheat. 489.) Such payments would have bound all his grantees, because they took their title burdened with the debt, of which they had either actual or constructive notice, or both. Goodeenough and the Remingtons kept the debt alive as to the fifty acres which they owned by the payments which they made, respectively, from 1864 until 1882. How did that affect Anderson, the owner of the twenty-five acres, who made neither covenants nor payments? Goodenough and the Remingtons were not the agents of Metcalf, the mortgagor and their grantor. "In the deeds to them they covenanted to pay the mortgage debt. This covenant was one which the mortgagee could enforce. When they paid the interest, they paid it upon their own covenant, and also to protect their own title. As between grantor and grantee, the grantee was the debtor, and the grantor and mortgagor was surety. Whether one was the agent of the other depends upon their relations between themselves." As by their assumption and covenant of payment the grantees of the fifty acres agreed to pay the debt they assumed, in paying it they necessarily acted for themselves, and thus they paid as principals and not as agents. (*Boughton* v. *Harder*, 46 App. Div. 355.) The case last cited followed the decision of this court in *Murdock* v. *Waterman* (145 N. Y. 55), where this court, speaking through Chief Judge ANDREWS, laid down the rule that a payment made by the heirs of the mortgagor did not arrest the operation of the Statute of Limitations in favor of the grantee of a separate parcel of the mortgaged premises, who was not related to the mortgagor, had not assumed the payment of the mortgage debt and had made no payments within the twenty years. In speaking of the payment made by the heirs of the mortgagor the learned judge said, "It undoubtedly preserved the lien of the mortgage upon the part of the land owned by them.

But to give it the further efficacy of continuing the lien on the part of the property in which they had no interest, implies that they were the agents of Mrs. Waterman (the grantee of the other parcel) to renew the mortgage as to her, a relation which has no support in the evidence. * * * The judgment below proceeds upon the doctrine that the owner of one parcel of land acting separately and independently of the owner of the other parcels, may, by payment, continue the lien of the mortgage beyond twenty years, not on his own parcel alone, but on all the parcels. He could not do this by a written acknowledgment, as such an acknowledgment must under the statute be made by a person sought to be charged thereby, and a payment by the owner of one parcel ought not, we think, to be given any greater effect. It would be an admission of the debt, but an admission *sub modo* affecting only the party making it. The payment would create no personal liability, even against him. He could not bind the owners of the other parcels by his admission, because he would neither in law nor in fact represent them."

The language above quoted is precisely applicable to this case. Neither Anderson nor his predecessor in title ever made any payments upon the mortgage debt, or authorized the making of payments by any one else. The mortgagor could, of course, have kept the debt alive as to the Andersons by making payments within the period of limitation, even without their knowledge or consent. Such payments would have bound the Andersons, not upon the theory that the mortgagor was their agent, but because the latter was simply paying his own debt with which the land of the former was burdened. The payments of Goodenough and the Remingtons were of a different character. They paid under their own covenant for the benefit of their own title. They were not the agents of Metcalf, the mortgagor, nor were they the agents or privies in title of the Andersons. Upon these facts the defense of the Statute of Limitations as to the defendant Anderson was well pleaded and proved, and he should have had judgment in the courts below.

The judgment herein should be reversed in favor of the appellant Anderson, and as to him a new trial is granted, with costs to abide the event.

O'BRIEN, HAIGHT, LANDON and CULLEN, JJ., concur; PARKER, Ch. J. and GRAY, J., dissent. ·

Judgment reversed, etc.