(100 App. Div. 80)

### NICKELL v. TRACY et al.

(Supreme Court, Appellate Division, Fourth Department. January 4, 1905.)

1. APPEAL—EQUITABLE ACTIONS—HARMLESS ERROR.

   A judgment in an equitable action announcing a correct conclusion of law on undisputed facts should be affirmed on appeal, although other facts not pertinent to the conclusion were improperly found, and incompetent evidence bearing upon such extrinsic facts was admitted.

2. LIMITATIONS—PLEADING—SUFFICIENCY.

   In a suit to foreclose a mortgage, an answer alleging that no payment had been made since a certain date, "and more than twenty years have elapsed since the last payment, and said bond and mortgage are no longer a legal or enforceable claim under the statutes made and provided," sufficiently pleads limitations.

3. SAME—TECHNICAL DEFECTS OF LANGUAGE—ESTOPPEL TO URGE.

   Where no objection was made to the reception of any evidence tending to establish the defense of limitations, and the answer fully advised plaintiff that that defense would be insisted upon, any technical defect in the language of the defense was not available on appeal to deprive defendants of the benefit thereof.

4. SAME—REVIVING PAYMENTS—AUTHORITY TO MAKE—WIDOW OF MORTGAGOR.

   A payment on a mortgage by the widow of the mortgagor, made without the knowledge or consent of the heirs at law, was ineffective to stop the running of limitations, as against such heirs, when the widow had only a dower interest in the mortgaged premises, and was not a coobligor on the mortgage bond.

5. MORTGAGES—DISCHARGE—QUITCLAIM DEED.

   The execution and delivery of a quitclaim deed by an assignee of the mortgagee to the successor in interest of the mortgagor discharges the mortgage.

Appeal from Equity Term, Genesee County.

Action by Ida E. Nickell against Harriet Tracy and another. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

The action was commenced on the 16th day of September, 1902, to foreclose a certain mortgage, bearing date October 1, 1849, and duly recorded in the clerk's office of Genesee county on the 22d day of the same month. It was duly made and executed by Jonathan Boyden and wife, and delivered to one James Hadley, to secure the payment of $400, in three equal annual install-

ments, after date. with interest annually at the rate of 7 per cent. per annum, all according to the conditions of a certain bond bearing even date therewith, also duly executed and delivered by the mortgagor to said mortgagee.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Frank C. Ferguson, for appellant.
A. G. Bartholomew, for respondents.

McLENNAN, P. J. The mortgage covered and was a lien, or was intended to be, upon the premises described in the complaint, which consisted of a house and lot situate in the town of Darien, in the county of Genesee, N. Y. In the year 1851 one Evan Rice purchased the mortgaged premises from Boyden, the mortgagor. Rice did not assume the payment of the mortgage. His title, however, was warranted free and clear from all incumbrances except it. He immediately went into possession of and continued to occupy the same until his death, which occurred in 1854. He died intestate, and left, him surviving, his widow, Mary Rice, and three children, viz., Ellen Rice, now deceased, plaintiff's mother; Harriet Tracy, the defendant; and William Rice, a son—his only heirs and next of kin. Thus upon the death of Evan Rice the house and lot vested in his three children, subject to the dower interest of the widow and to the mortgage in suit. After the death of her husband, Mary Rice continued to occupy the premises until her death, which occurred in 1891, when Harriet Tracy, the defendant, went into possession and occupied the same until the summer of 1902, shortly before the commencement of this action, when she moved to Philadelphia. On the 31st day of May, 1864, which was after her father's death, and while her mother occupied the premises, Ellen Rice, plaintiff's mother, purchased the bond and mortgage in suit, and received an assignment thereof from James Hadley, the mortgagee therein named. Ellen Rice died intestate on the 9th day of May, 1879, leaving, her surviving, the plaintiff, her only heir at law; and she thereupon became the owner of the mortgage, and of an undivided one-third interest in the premises upon which it was a lien. The defendant James Ford was duly appointed administrator of the estate of Ellen Rice, plaintiff's mother, and, the plaintiff being a minor, prior to the 20th day of October, 1880, was appointed her general guardian. On said last-mentioned date, pursuant to an order of the Surrogate's Court of Erie county, made in a proceeding for a settlement of his accounts as administrator of the estate of Ellen Rice, the defendant Ford, as such administrator, duly assigned said bond and mortgage to himself, as general guardian of the plaintiff. On the 18th day of May, 1882, the plaintiff then having become of age, the defendant Ford duly assigned said bond and mortgage to her, and at the time of the commencement of this action she was the owner and holder thereof.

Concededly, at the time, after deducting all payments which were proven to have been made, there remained unpaid upon the mortgage, of principal, $340, and interest thereon, which, in the aggregate, amounted at the time of the trial to $539.18. The last of such

payments was made more than 20 years before the action was begun, except that a payment of $10 was made by the widow of Evan Rice while she was in possession of the premises and had a dower interest therein, on the 19th day of September, 1882, to the plaintiff, and was indorsed upon the bond by the plaintiff. Such payment, it will be observed, was made 19 years, 11 months, and 26 days before the action was begun. It is not claimed that there is evidence which tends to show that such payment was authorized by the defendant Harriet Tracy, or by her brother, William Rice, who at the time owned a two-thirds undivided interest in the premises, subject to the dower interest of their mother, Mary Rice. Nor does it appear that such payment was made with their knowledge.

On the 1st day of August, 1902, while the plaintiff was the owner of the bond and mortgage in suit, and also the owner of the undivided one-third interest in the mortgaged premises, she executed and delivered to the defendant Harriet Tracy a quitclaim deed of the premises. There is no suggestion based upon evidence that such deed was not voluntarily executed, or that it was procured by fraud, nor is there any claim that it was executed by mistake. On or about the same day, William Rice, Harriet's brother, executed and delivered to her a like deed, and she thereupon became the owner of the entire fee of the mortgaged premises. Thereafter, and on the 18th day of August, 1902, Harriet assumed to convey the premises to the defendant Ford for the consideration of $1,000, which he paid in full; but, before the transaction was completed, the plaintiff having made a claim that the mortgage in suit was a valid lien and incumbrance upon the property, $750 of the purchase price was paid over to the attorney for defendants, to protect the purchaser against any claim which might be established by virtue of said mortgage, and immediately thereafter this action was begun.

The defendants, by their answers, and upon the trial, insisted that the plaintiff was equitably estopped from enforcing the collection of the mortgage, because of certain statements which she had made, to the effect that it was not a valid lien or incumbrance upon the property, because "it was allowed to expire"; also that the obligation had been fully paid and satisfied under and by virtue of an agreement between Ellen Rice, plaintiff's mother, and Mary Rice, the widow of Evan Rice, by which it was agreed that Mary should care for the plaintiff and provide a home for her, and that said Mary Rice fully performed said agreement upon her part. The defendants also claim to have pleaded the statute of limitations, their allegation in that regard being as follows:

"Tenth. That since the 31st day of May, 1864, no payments of principal or interest have been made to apply upon said bond and mortgage, and more than twenty years have elapsed since the last payment was made, and said bond and mortgage are no longer a legal or enforceable claim under the statutes made and provided."

The defendants also claim that by executing and delivering the quitclaim deed referred to, without any words of reservation, while she was the owner of the mortgage, the plaintiff parted with all her

interest in the premises, including the mortgage. The conclusion of law upon which the judgment appealed from is predicated is:

"That the aforementioned bond and mortgage, under and by operation of law, has become paid and satisfied, and the same is no longer a lien against the premises described in said mortgage and the complaint herein."

The facts which it is claimed support such conclusion are not in dispute, and, if upon such undisputed facts the conclusion of law follows, the judgment should be affirmed, notwithstanding other facts not pertinent to such conclusion may have been improperly found, and even although incompetent evidence bearing upon them was admitted.

We think the defendants failed to establish the first two defenses adverted to, and that evidence relating to such defenses which was clearly incompetent was admitted over plaintiff's objection. But if the other two alleged defenses, to wit, the statute of limitations and the execution and delivery of the quitclaim deed by the plaintiff, the facts respecting which are not in dispute, prevent a recovery, as matter of law, then no harm resulted to the plaintiff because of the admission of the incompetent evidence, and it is entirely immaterial that other facts were found by the learned trial judge which are not supported by competent evidence.

The only questions, therefore, which need be considered upon this appeal, are whether or not the 20-year statute of limitations was pleaded, and, if so, whether, upon the conceded facts, plaintiff's right to recover was barred by such statute; and, second, whether or not, upon the conceded facts, the execution and delivery of the quitclaim deed by the plaintiff to the defendant Harriet Tracy prevents her, as matter of law, from enforcing the mortgage which she owned when she conveyed the premises.

The language used in the answers in attempting to plead the 20-year statute of limitations was sufficient to constitute a plea of such defense. By the terms of the bond, the obligation, the payment of which the mortgage was given to secure, became due three years from its date, or on the 1st day of October, 1852, and the allegation in the answers is that no payment had been made thereon since the 31st day of May, 1864, "and more than twenty years have elapsed since the last payment, and said bond and mortgage are no longer a legal or enforceable claim under the statutes made and provided." There is no ambiguity as to what was intended by the pleader, and the facts relied upon are stated, and, if true, constitute a defense under the statute. This plea is entirely different from the one which was condemned by the Court of Appeals in Eno v. Diefendorf, 102 N. Y. 720, 7 N. E. 798, cited by appellant's counsel. In that case, while there was an averment that no payment had been made within six years, it was not alleged that six years had elapsed since the demands were due; and, besides, the decision in that case was put apparently upon the ground that from the undisputed facts it appeared there was no merit in the defense. Further, it may be said that in the case at bar, while plaintiff's counsel suggested that the statute had not been pleaded, no objection was made to the reception of any evidence tending to establish the de-

fense upon that ground. The answers fully advised the plaintiff that such defense would be and was being insisted upon, and, under the circumstances, any technical defect in the language ought not now to be available to the plaintiff to deprive the defendants of the benefit of such defense.

Was such defense proven? The answer to that question depends upon whether or not the payment of $10 by Mary Rice, the grandmother, to the plaintiff, on the 19th day of September, 1882, when Mary Rice's only interest in the premises was her right of dower, and which payment was indorsed upon the bond by the plaintiff, was sufficient to prevent the statute from running. As we have seen, such payment was not authorized by either of her children, Harriet or William, and it was not made with their knowledge or consent. Mary Rice was not an obligor upon the bond. The indebtedness secured by the mortgage was not her obligation. She had no legal duty to perform in respect to it, and her unauthorized act of payment could not affect or bind the owners of the fee. The precise question was decided by the Supreme Court of Illinois in Ætna Life Insurance Company v. McNeely, 166 Ill. 540, 46 N. E. 1130. The rule is stated in the headnote as follows:

"An unauthorized payment by the widow on a mortgage indebtedness upon property in which she has but a homestead and dower interest will not operate to remove the bar of the statute of limitations from the indebtedness, as against the heirs who own the fee."

In the case of Murdock v. Waterman, 145 N. Y. 55, 39 N. E. 829, 27 L. R. A. 418, it was held that the relationship between heirs who have inherited part of the mortgaged premises, and a third party who purchased another part of the premises from the mortgagor in his lifetime without assuming or agreeing to pay the mortgage, is not such relationship as will imply agency on the part of the heirs to bind the third person by payment of the mortgage, and that such payment does not arrest the running of the statute. See, also, Mack v. Anderson, 165 N. Y. 529, 59 N. E. 289. In fact, if the widow had been a joint obligor, her payment would not have arrested the running of the statute as against her co-obligors. Boughton v. Harder, 46 App. Div. 352, 61 N. Y. Supp. 574; Shoemaker v. Benedict, 11 N. Y. 177, 62 Am. Rep. 95. It must be concluded that, upon the undisputed facts, a recovery upon the bond and mortgage in suit was barred by the 20-year statute of limitations.

The execution and delivery of the quitclaim deed by the plaintiff while she was the owner of the mortgage to the defendant Tracy also effectually prevents the maintenance of this action. The rule is stated in Jones on Mortgages (5th Ed.) vol. 1, p. 940, as follows:

"Ordinarily a release or quitclaim by the mortgagee to the mortgagor or to the owner of the equity of redemption will discharge the mortgage. * * * The deed would pass the entire title."

Indeed, the rule is so well settled that the citation of authorities is unnecessary. That is the effect of a quitclaim deed, according to its express language. The grantor conveys to the grantee all his right, title, and interest, of whatsoever nature, in and to the premises; and certainly, if such language is not in some manner

qualified, or no circumstances exist from which a different intention could be found, it cannot be held that such grantor still retains an interest, represented by a mortgage which he may have held.

It follows that, upon the undisputed facts respecting the last two defenses adverted to, the conclusion of law was justified, viz.:

"That the aforementioned bond and mortgage, under and by operation of law, has become paid and satisfied, and the same is no longer a lien against the premises described in said mortgage and the complaint herein."

As already suggested, a judgment in an equity action will not be reversed for. errors in the admission or exclusion of evidence, if, disregarding or considering, as the case may be, such evidence, the remaining evidence sufficiently supports the judgment. De St. Laurent v. Slater, 23 App. Div. 70, 48 N. Y. Supp. 1103. As was said in Schaffer v. Martin, 25 App. Div. 501, 49 N. Y. Supp. 853—a case decided by this court:

"A judgment rendered in an equitable action will not be 'reversed because of the admission of improper evidence unless it can be seen that the error has affected the result."

It follows that the judgment appealed from should be affirmed, with costs. All concur; SPRING, J., upon the ground that the cause of action is barred by the statute of limitations.

Judgment affirmed, with costs.