KEESE v. DEWEY et al.

(Supreme Court, Appellate Division, Third Department. January 8, 1906.)

1. LIMITATION OF ACTIONS—RUNNING IN FAVOR OF ONE MORTGAGOR—PAYMENTS BY OTHER MORTGAGOR.

Where two persons join in giving a bond and mortgage, action thereon is barred against one of them, who for 20 years neither makes nor authorizes a payment thereon, notwithstanding payments thereon by the other.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Limitation of Actions, § 624.]

2. SAME—UNDISCOVERED FRAUD—PLEADING.

Under a complaint not based on fraud or mistake, but the theory of which is that plaintiff loaned money to defendants with which to pay a bond and mortgage, and received therefor a bond secured by mortgage on property which defendants did not own when they gave the second mortgage, and that therefore plaintiff was entitled in equity to have the satisfaction of the first mortgage canceled and such mortgage foreclosed, plaintiff is in no position to take advantage of the existence of any undiscovered fraud to prevent the running of the statute of limitations.

Appeal from Special Term, Clinton County.

Action by Margaret Keese against Martin Dewey and others. From a judgment for plaintiff, defendant Martin Dewey appeals. Reversed.

On the 2d day of November, 1889, Wallace Dewey and his wife executed and delivered a bond and mortgage for $332, with interest, to one Daniel Keese; the mortgage covering a tract of 75 acres of land. There was due and unpaid thereon at the date of the decision $585.92. Afterwards Daniel Keese died, and his administrator assigned the bond and mortgage to the plaintiff herein. Prior to the giving of said mortgage, and on the 17th day of November, 1885, the mortgagors, Wallace Dewey and his wife, deeded the premises described in the mortgage to their daughter, the defendant Ellen Dewey, for an alleged consideration of $1,000. At the time they executed and delivered said bond and mortgage they had no title to the premises covered by the mortgage. Upon the 2d day of November, 1889, the same day of the giving of the mortgage hereinbefore mentioned, a mortgage given by Wallace Dewey and his wife and said Martin Dewey to said Daniel Keese, dated August 2, 1879, for $277.50, with interest thereon, was satisfied of record. Said mortgage so satisfied covered said 75 acres of land and also another tract of 100 acres, and a further tract of 50 acres. The mortgage dated August 2, 1879, became by its terms due and payable August 2, 1881. On August 2, 1889, the interest was paid on said last-named mortgage, and at that date said mortgage had been reduced by the payment of principal and interest, leaving a balance of $100 of principal due. Said sum of $100, together with $1.75 of interest thereon, formed a part of the consideration for the new mortgage dated November 2, 1889. Prior to the commencement of the action said Wallace Dewey and his wife died intestate, leaving as their sole heirs at law and next of kin the defendants Martin Dewey, Ellen Dewey, Patrick Dewey, and John Dewey. The court on the trial found the foregoing facts. It also found that the satisfaction upon November 2, 1889, of the mortgage dated August 2, 1879, and the giving of the mortgage of November 2, 1889, formed a part of the same transaction; that the plaintiff had succeeded to all the rights of her father, Daniel Keese, the original mortgagee, in the mortgages mentioned; that the mortgage of November 2, 1889, was void, as the mortgagors had no title to the premises at the time of the giving of the same, and that the plaintiff was entitled to be subrogated to the security of the mortgage of August 2, 1879, and to have its discharge canceled and its liens restored, and the court directed a foreclosure of the mortgage of August 2, 1879, as to all the real estate covered by the mortgage, which at the time of the filing of the lis pendens in this

action was in the hands of the original mortgagors, or their heirs, namely, of said 100-acre tract and said 50-acre tract. There was also a finding that there was due on the mortgage of November 2, 1889, the sum of $585.92, and that of that amount the sum of $101.75, with interest from November 2, 1889, viz., $193.63, was the sum remaining due on the mortgage of August 2, 1879, for which amount the plaintiff is entitled to judgment. From the judgment entered upon such decision, the defendant Martin Dewey has appealed. Further facts are stated in the opinion.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and KELLOGG, JJ.

William L. Pattisson, for appellant.
Seth S. Allen, for respondent.

CHESTER, J. By the judgment appealed from the lands which at the time of the giving of the mortgage of August 2, 1879, belonged to the defendant Martin Dewey individually are directed to be sold. One defense interposed by him was that the cause of action upon that mortgage was barred by the statute of limitations as against him. By the terms of the mortgage it became due and payable August 2, 1881. There is no proof that he ever made any payment upon it or upon the bond given concurrent therewith, or authorized any one to do so. On the contrary, the proof is that he never made any such payments. More than 20 years having elapsed since the mortgage became due and before the commencement of the action, and no payments having been made thereon or authorized by him, the statute barred the action as against him. Code Civ. Proc. §§ 380, 381; Mack v. Anderson, 165 N. Y. 529, 59 N. E. 289. The fact that payments were made by Wallace Dewey and his wife, who joined with the defendant Martin Dewey in making the bond and mortgage, does not prevent the running of the statute as against Martin, who made no payments. Shoemaker v. Benedict, 11 N. Y. 176, 62 Am. Dec. 95.

It is urged, however, by the respondent's counsel that the giving of the mortgage of November 2, 1889, by Wallace Dewey and wife, when the mortgagors had no title to the property mortgaged, was a fraud on plaintiff's assignor, and as the fact that the mortgagors had no title was not discovered until June, 1897, and as the fact that there was a prior mortgage was not discovered by the plaintiff until the summer of 1904, when she commenced the action, the running of the statute was suspended during the intervening time. The answer to this suggestion is that there is no allegation of fraud in the complaint, and nothing from which it can be inferred, except the bare allegation that on November 17, 1885, the mortgagors Wallace Dewey and wife deeded the premises described in the mortgage of November 2, 1889, for an alleged consideration of $1,000, to Ellen Dewey. The complaint is not based on fraud or mistake, but the theory of it is that the plaintiff's assignor loaned the mortgagors, Wallace Dewey and wife and Martin Dewey, the sum of $332 for the purpose of paying off and satisfying the bond and mortgage of August 2, 1879, and that as Wallace Dewey and his wife were not the owners of the premises covered by the mortgage of November 2, 1889, at the time they gave the mortgage, the plaintiff was in equity entitled to have the satisfaction of the mort-

gage of August 2, 1879, canceled and the lien of that mortgage restored, the amount due thereon ascertained, and to have the same foreclosed. The plaintiff, therefore, is in no position to take advantage of the existence of any undiscovered fraud to prevent the running of the statute of limitations; for that question is not involved in the action under the pleadings.

The judgment must be reversed on the law and on the facts, and a new trial granted, with costs to the appellant to abide the event. All concur.