trict, the plaintiff procured the new company to be incorporated with a name closely resembling the other, and requested one Juan Garland, who then was and prior thereto had been employed in Peru by the old company and by the defendant and his associates, to betray his employers and prevent their acquisition of certain mines by inducing and procuring parties in Peru who had made contracts under which their mines were to be acquired to violate such contracts and to institute legal actions and proceedings to recover possession of the mines, and sought to coerce the old company, the defendant and his associates, into paying a large sum of money "to the plaintiff and her said corporation."

A demand for affirmative relief is not essential to authorize the court to direct a bill of particulars, and bills of particulars are granted of defenses not involving a counterclaim or demand for affirmative relief, as of a defense of breach of warranty to an action on an insurance policy (Dwight et al. v. Germania Life Ins. Co., 84 N. Y. 493), or of contracts interposed as a defense (Kelsey v. Sargent, 100 N. Y. 602, 3 N. E. 795), or of matter pleaded in justification in libel (Wynkoop-Hallenbeck-Crawford Co. v. Albany Evening Union Co., 26 App. Div. 623, 49 N. Y. Supp. 662); but doubt has been expressed in some cases as to the propriety of requiring or the authority of the court to order a bill of particulars with respect to matter pleaded as a partial defense or in mitigation of damages (see Hatch v. Matthews, 85 Hun, 522–529, 33 N. Y. Supp. 332; Newell v. Butler, 38 Hun, 104; Holmes v. Jones, 13 N. Y. St. Rep. 57). It is unnecessary in this case to resolve the doubt on that point, and, since matter pleaded as a partial defense or by way of mitigation may, in some instances, render admissible the introduction of evidence which may reduce the recovery to nominal damages in which case it would differ from a complete defense only in a very small degree, I deem it inadvisable at this time to express an opinion on the question. In so far as the matters pleaded as a partial defense and by way of mitigation are not specific and definite charges, they relate to the motives of the plaintiff, to official action by the company with which she was connected or its officers, in which she participated, or to printed or written matter prepared and issued, or caused to be prepared and issued, by her and other officers of the company. It is not probable that any proof will be offered under these allegations which will take the plaintiff by surprise, or which she will not be as well prepared to meet as if defendant were required to furnish her a bill of particulars.

It follows that the order should be affirmed, with $10 costs and disbursements. All concur.

------

### WEBER v. INTERNATIONAL RY. CO.

(Supreme Court, Special Term, Erie County.    December 30, 1907.)

1. DAMAGES—INQUISITION—VACATION—ERRORS.

   An inquisition on a writ of inquiry before the sheriff having been voluntarily entered into, defendant was not entitled to have the same vacated and a new writ issued for trial before the court merely because of the admission of improper evidence by the sheriff, unless it appeared to the trial court that injustice had been done.

2. SAME—HEARING.
    On a motion to set aside a finding of a sheriff's jury and to issue a new
    writ of inquiry, the court will not critically examine the effect of each ob-
    jection to evidence made, but will merely consider the case as a whole.

3. SAME—PAIN AND SUFFERING.
    In an action for personal injuries, pain and suffering is an element of
    damage of which there is no specified standard.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 233.]

4. EVIDENCE—DEMONSTRATIVE EVIDENCE—BLOODY CLOTHING.
    On a writ of inquiry before a sheriff's jury in an action for personal in-
    juries, defendant was not prejudiced by plaintiff's exhibiting to the jury
    a shirt saturated with blood which plaintiff wore at the time he was
    injured.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 679.]

5. SAME—RECORD—CONTENTS—ADDRESS OF COUNSEL.
    On a motion to set aside an inquisition before a sheriff's jury and for
    the issuance of a new writ of inquiry, it was neither necessary nor proper
    to present the whole address of counsel before the sheriff's jury to the
    court, though certain portions thereof were objected to.

Action by Henry M. Weber against the International Railway Com-
pany. On motion to set aside an inquisition and for the issuance of a
new writ of inquiry. Motion denied.

John H. Clogston and John H. Brogan, for plaintiff.
Cohn & Chorman, for defendant.

MARCUS, J. This is a motion to set aside an inquisition, and that
a new writ of inquiry issue. The action was brought to recover dam-
ages for personal injuries sustained in a collision of railway cars, and
the evidence shows that the injuries are of a serious character. The
jury awarded $4,000 damages.

In Bossout v. Rome, etc., R. Co., 131 N. Y. 37, 29 N. E. 753, it is
held that, even where the assessment is by a jury at circuit, the rules
for reviewing the trial of an action did not prevail, that a motion may
be made to set aside the inquisition, but it will not be granted, how-
ever, simply because of the admission of improper evidence, but only
where it appears that injustice has been done; and the motion is ad-
dressed to the discretion of the court. A fortiori where the assess-
ment is by a sheriff's jury under the supervision of a layman. In
Sharp v. Dusenbury, 2 Johns. Cas. 117, the court said:

"The parties, by their agreement, made the sheriff as a judge at a circuit;
and when parties agree to submit a controversy to the decision of the sheriff,
the inquest is to be considered as in the nature of an arbitration, and in such
case the court will never set aside the inquisition merely because the sheriff ad-
mits improper, or rejects proper, evidence."

In Mankleton v. Lilly, 3 N. Y. St. Rep. 421, the action was for slan-
der, and the sheriff permitted the defendant to introduce evidence of
matters which had no legitimate bearing in mitigation of damages.
The jury award plaintiff $50, and the court set aside the inquisition.
But that case is materially different in its circumstances.

The defendant's counsel had the privilege of having the damages as-
sessed by a jury at the trial term, under the supervision of a justice of
this court, but did not see fit to avail himself of it, but consented that
they should be assessed by a sheriff's jury. He now asks that the ver-

dict be set aside, and that the execution of any new writ of inquiry herein be had before a justice of this court at a regular trial term thereof. Counsel was aware that plaintiff would call physicians to establish the nature and extent of his injuries, and that various questions would be put to them calling for their professional opinions upon a variety of matters relating to the same, including the reasonable certainty or even probability of the injuries being of a permanent character. It was not to be expected, of course, that the sheriff would be competent to make rulings upon the admissibility of evidence of that kind without falling into frequent, and, perhaps, serious, error. It is neither expected nor required that the sheriff shall apply the rules of evidence with the same strictness or accuracy as a judge trained in the law. Of all this the counsel was well aware, and yet he thought it advisable or desirable to try the experiment, take the risk, and run his chances. Now, he seeks to be relieved of the resultant consequences, upon the ground that the sheriff really did commit the very kind of errors he might have been expected to commit, under the circumstances. Perhaps it would be more charitable to relieve the sheriff from the accusation and impose the responsibility upon plaintiff's counsel. Some of the questions, however, to which objection was taken, and which related to the probabilities as to the permanency of the injuries, and so forth, may, it would seem, be sustained upon the authority of Kelly v. United Traction Company, 88 App. Div. 283, 85 N. Y. Supp. 9.

Numerous objections to evidence were taken during the course of the hearing, but it is not reasonable to expect that the court, upon a motion of this character, should review all, or even most of them, or critically examine and weigh the effect of each item. The duty of the court is merely to take the case as a whole and weigh it as a whole, and then determine whether the ends of justice require our interference with the verdict. The ground of defendant's motion is that the damages are excessive, and made so by the admission of certain incompetent, speculative opinions of the physicians, and other testimony of an inadmissible character. The jury may, possibly, have given a little more damages than they otherwise would if some of this evidence had been excluded, but this is not apparent—only problematical and doubtful—for, leaving out of consideration some of this evidence that counsel says is merely opinion as to probable consequences, there remains ample competent testimony as to the serious character of the injuries, and their effect upon plaintiff's ability to earn a competent and sufficient livelihood for himself and family. Taking the facts alone, and the fair, just inferences that the jury would be warranted in drawing therefrom, it cannot be said that the verdict rendered was unfair, unjust, or excessive. The pain and suffering was an element of damage—of which there is no standard—and we must assume that the jury took that in consideration in making up their award. Defendant called two physicians whose opinions were, as usual· in such cases, in some respects inconsistent with or in contradiction of the testimony given by the plaintiff's two experts. These experts were examined and cross-examined, and re-examined in a most thorough manner, and the whole matter was most thoroughly threshed out for the benefit of the jury. They formed their judgment upon all the material, and we

do not perceive it is our duty to set aside their verdict. Upon appeal from decision of surrogates, who are counsellors at law, their judgment will not be reversed for error in admitting or rejecting evidence, unless it appears that the exceptant was necessarily prejudiced thereby. Code Civ. Proc. § 2545. And in equitable suits a judgment will not be reversed because of the admission of improper evidence, unless it can be seen that the error has affected the result. Nickell v. Tracy, 100 App. Div. 86, 91 N. Y. Supp. 287. And this rule should be. most liberally applied in favor of the rulings of a sheriff—a mere layman— and to uphold the determination of the jury.

Another ground of objection is that plaintiff's counsel was permitted to make "divers improper statements to the jury during the conduct of the case and in summing up the case before the jury" to the defendant's prejudice; that "it was the duty of the counsel to use even greater care than upon the trial of an issue to do nothing which should prejudice." We believe it is permissible even in trials for homicide to exhibit the bloody clothes to the jury, but surely it was to be expected that the plaintiff's shirt should be saturated with blood, and it is not perceivable how the jury could be prejudiced by showing that of which they were already supposed to be cognizant. The learned counsel, it appears, used improper and intemperate expressions, displayed great zeal and ardency in behalf of his client, and perhaps went beyond the bounds of legitimate advocacy. Still we are unable to perceive that it is the duty of the court to set aside the inquisition in view of all the evidence adduced. We are not aware that counsel have a legal right to sum up to the sheriff's jury; however, both counsel apparently consented to it, as both availed themselves of the privilege. . And, however edifying and instructive the address of counsel may be, it is neither proper nor necessary, in a matter of this kind, to present the whole of it to the court.

Motion denied, with costs.