CHARLOTTE B. RICCI, Respondent, *v.* CARRIE PERRINO, Appellant, et al., Defendant.

Third Department, March 9, 1955.

*Harold E. Blodgett, Amedeo H. Volpe* and *John J. Snapp* for appellant.

*Mathias P. Poersch* and *Bernard Ellenbogen* for respondent.

Coon, J. This action was brought to foreclose a mortgage upon real property in the sum of $5,000, given to plaintiff by Raffaella Ricci, defendant's mother, on June 9, 1938, payable one year thereafter, with interest and a principal payment of $20 to be payable monthly after the date thereof. The execution and delivery of the mortgage, the nonpayment and the recording thereof are not controverted. The defendant interposed a defense alleging lack of consideration and the Statute of Limitations.

The Referee has resolved the question of fact as to consideration in favor of the plaintiff, and there is evidence in the record to sustain the finding.

Plaintiff's evidence is that six payments were made upon the mortgage, all applied upon interest. Three payments of $20 each and one payment of $50 were paid by the mortgagor during her lifetime, the last such payment being on December 3, 1940. Raffaella Ricci, the mortgagor, died intestate on June 13, 1941, leaving James Ricci, her son, and the defendant, her daughter, as her only surviving heirs at law and distributees, and they became owners of the property, subject to the mortgage, as tenants in common. Plaintiff testified that James Ricci, one of the tenants in common, to whom plaintiff was then married, made two payments on the mortgage of $50 each, on March 22, 1945, and May 13, 1945, respectively. Plaintiff relies upon these payments to take the case out of the Statute of Limitations. Plaintiff identifies the two payments as payments upon " this " mortgage, and

quotes James Ricci as so stating as he made the payments in anger after repeated demands. James Ricci denied that payments were made upon the mortgage, claiming that he and the plaintiff, his wife, were having marital difficulties and that he was paying her $50 per week for support. Upon this question of fact, the Referee has found that the two payments were made by Ricci upon the mortgage, and the evidence permits such a finding. There is evidence that James Ricci knew of the existence of the mortgage from the time of its execution and evidence from which an inference might be drawn that the defendant knew of it. After these payments and on February 19, 1948, James Ricci conveyed his interest in the property to the defendant. The defendant has never personally made any payment upon the mortgage.

Upon this state of facts as found by the Referee, it is beyond question that the Statute of Limitations is not available as to the interest in the property of James Ricci who personally made the payments; that the lien of the mortgage was good as to him, and that the defendant, by subsequent conveyance from him, took his interest subject to the lien of the mortgage on his interest.

There remains, however, the question whether the payments within the six-year period by James Ricci may effectively take the case out of the Statute of Limitations as to the defendant, a cotenant in common, who made no payment. There seems to be no case in this State deciding that question in a case factually identical. Appellant relies upon *Hoover* v. *Hubbard* (202 N. Y. 289), *McMullen* v. *Rafferty* (89 N. Y. 456), and *Keese* v. *Dewey* (111 App. Div. 16). These cases may be said to establish, and it is no doubt the rule in this State, that in the case of joint obligors upon a note or any contract, the payment by one joint obligor within the limitation period, does not affect the defense of the statute as to the others, unless the payment was previously authorized or subsequently ratified by the others.

Here, however, James Ricci and the defendant were not joint obligors. They became the owners by inheritance, as tenants in common, of the property, subject to a recorded mortgage. At least one, and probably both, had actual knowledge of the existence of the mortgage, and each was charged with knowledge because of the recording. As tenants in common each was the agent of the other as to the property, an agency implied by the nature of the tenancy. Each had a common right to enjoy the property and each was under a duty to protect the property from current liens such as taxes, ordinary repairs, and interest on a mortgage, and each derived a benefit from such payments made

by either, though as between themselves each would be liable for only his share. The case of *Clute* v. *Clute* (197 N. Y. 439), comes very close to this case. In the *Clute* case, by reason of the intestate death of the mortgagor, four of his children became seized of a farm upon which there was a mortgage, as tenants in common. One of them occupied the farm and paid half of the income to the executor of the mortgagee. This was considered to be a payment upon the mortgage and binding upon all the tenants in common to take the case out of the Statute of Limitations. The court reasoned that there was an implied agency and a duty upon each to pay current liens, and cited the case of *Hollister* v. *York* (59 Vt. 1), which held squarely that under the circumstances here a payment by one repels the presumption that the mortgage had been paid and takes the case out of the operation of the Statute of Limitations, not only as to the payer, but also as to all of the owners of the equity.

It is true that the *Clute* case turned finally upon the point that because the party who made the payment had lived upon the premises, enjoying the fruits thereof and paying all ordinary expenses to the knowledge of the cotenants for years, the payment was deemed to have been made with their implied authority and consent. However, the reasoning of the court and the authorities cited are very applicable here. In some respects the facts in this case are stronger than in the *Clute* case. In the *Clute* case it was alleged that the mortgage had been paid — here there is no claim that it was. The Statute of Limitations is, in effect, a presumption of payment from the lapse of time. At the time of the *Clute* case the statute was effective at twenty years — here it is only six. Of course no personal claim is made against the defendant. Her interest in the property is subject to the lien of the mortgage, and the payments made by her cotenant and brother make the Statute of Limitations unavailable as a defense, because of the implied agency.

The judgment should be affirmed, with costs.

FOSTER, P. J., BERGAN, IMRIE and ZELLER, JJ., concur.

Judgment affirmed, with costs.