Archibald C. Wemple, J.
On the trial the plaintiff testified that the bond and mortgage for $1,000 was secured for money advanced to the defendants to purchase a home. The plaintiff testified that there were no pavments on the bond and mortgage other than a payment of $40 made by the defendant Walter Celenski, on September 19, 1957, which payment was applied to “ interest on the house mortgage.” By reason of this interest payment by one of the defendants, the plaintiff contends that the Statute of Limitations did not apply and that the debt was revived as to both defendants, Walter Celenski and Helen T. Celenski. The plaintiff further testified that he did not press for payments and that he was aware that marital difficulties occurred in 1956 between the defendants which led to their separation on September 27, 1957. He further contended that the payment of interest referred to on September 19, 1957 was made in the presence of the defendant Helen Celenski and with her knowledge and consent. No payments on the mortgage have been made since 1957 to the time of the commencement of this action on July 15, 1958.
On the trial, the defendant Helen T. Celenski established that two additional payments, not credited in the complaint, were made by her on account of principal of the bond and mortgage in 1945. Upon receipt of this proof, the plaintiff moved to amend the complaint to conform. It is noteworthy, however, that the plaintiff had, previous to the introduction of this evidence, categorically denied any payments other than the interest payment in 1957 above referred to.
The parties defendant were separated on September 27, 1957. Previously they had been having matrimonial difficulties. Apparently up to the time of the separation there had been *943 no pressure placed upon them by the plaintiff to make payments on the mortgage. Under these circumstances, can it be assumed that the payment of $40 by Walter Celenski was made with the knowledge or consent of the defendant Helen T. Celenski? Defendant Helen Celenski specifically denies her presence, knowledge or approval of this “interest” payment by her husband.
The testimony of the plaintiff as to the financial transactions between him and the defendants was somewhat impaired by his admission of additional payments testified to when the defendant Helen T. Celenski took the stand.
Recently in a case decided in the Third Department on March 9, 1955, entitled Ricci v. Perrino (285 App. Div. 502, 504) Judge Coon referring to Hoover v. Hubbard (202 N. Y. 289), McMullen v. Rafferty (89 N. Y. 456) and Keese v. Dewey (111 App. Div. 16), said: “ These cases may be said to establish, and it is no doubt the rule in this State, that in the case of joint obligors Upon a note or any contract, the payment by one joint obligor within the limitation period, does not affect the defense of the Statute as to the others, unless the payment was previously authorized or subsequently ratified by the others.”
Following the ruling of the Ricci case just cited, this court finds that from the evidence it does not appear that the payment by Walter Celenski was “ previously authorized or subsequently ratified ” by Helen T. Celenski. At least on the point of whether or not the defendant Helen T. Celenski was present when the interest payment was made in 1957, and whether she ratified or consented to said payment, is a question which this court will determine in her favor..
The decision of this court is that as to Walter Celenski, he being in default, judgment will be granted in accordance with the relief asked for in the complaint.
As to the defendant Helen T. Celenski, this court holds that the Statute of Limitations is a good defense to the complaint and that, as to her, the plaintiff’s complaint is dismissed.
Enter order accordingly.