Citibank, N.A. v Gifford (2022 NY Slip Op 02650)

Citibank, N.A. v Gifford

2022 NY Slip Op 02650

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

23 CA 21-00711

[*1]CITIBANK, N.A., NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF NRZ PASS-THROUGH TRUST VI, PLAINTIFF-APPELLANT-RESPONDENT,
v
THOMAS J. GIFFORD, ALSO KNOWN AS THOMAS JAY GIFFORD, ALSO KNOWN AS THOMAS GIFFORD, DEFENDANT-RESPONDENT-APPELLANT, MARLENE E. GIFFORD, ALSO KNOWN AS MARLENE GIFFORD, ALSO KNOWN AS MARLENE LOU GIFFORD, DEFENDANT-RESPONDENT, ET AL., DEFENDANTS. 

ROACH & LIN, P.C., SYOSSET (MICHAEL C. MANNIELLO OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT. 
KERNAN AND KERNAN, P.C., UTICA (LEIGHTON R. BURNS OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT AND DEFENDANT-RESPONDENT.

 Appeal and cross appeal from an order of the Supreme Court, Herkimer County (John H. Crandall, A.J.), entered March 18, 2021. The order, among other things, granted the motion of plaintiff insofar as it sought summary judgment against defendant Thomas J. Gifford, denied the motion of plaintiff insofar as it sought summary judgment against defendant Marlene E. Gifford, and granted the cross motion of defendants Marlene E. Gifford and Thomas J. Gifford insofar as it sought dismissal of the complaint against defendant Marlene E. Gifford. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the cross motion in its entirety, reinstating the complaint against defendant Marlene E. Gifford, also known as Marlene Gifford, also known as Marlene Lou Gifford, and granting the motion in its entirety and as modified the order is affirmed without costs.
Memorandum: In 1991, Thomas J. Gifford, also known as Thomas Jay Gifford, also known as Thomas Gifford, and Marlene E. Gifford, also known as Marlene Gifford, also known as Marlene Lou Gifford (defendants), executed a note secured by a mortgage on their residence. In 2011, Thomas Gifford executed an agreement (2011 Agreement) modifying the original note and, following his default on the 2011 Agreement, plaintiff commenced this foreclosure action. Plaintiff moved for, inter alia, summary judgment on the complaint, and defendants cross-moved for summary judgment dismissing the complaint against them as barred by the statute of limitations. Plaintiff appeals from an order that, inter alia, denied that part of the motion and granted that part of the cross motion with respect to Marlene Gifford, and Thomas Gifford cross-appeals from the same order insofar as it granted that part of the motion and denied that part of the cross motion with respect to him. We agree with plaintiff on its appeal that Supreme Court erred in granting the cross motion insofar as it sought summary judgment dismissing the complaint against Marlene Gifford and in denying the motion insofar as it sought summary judgment on the complaint with respect to her, and we therefore modify the order accordingly.
Initially, we reject Thomas Gifford's assertion on his cross appeal that the court erred in denying the cross motion insofar as it sought summary judgment dismissing the complaint against him. An action to foreclose a mortgage is subject to a six year statute of limitations (see CPLR 213 [4]), which "begins to run on the date on which the mortgagee is entitled to demand [*2]full payment of the loan" (McNeary v Charlebois, 169 AD3d 1295, 1296 [3d Dept 2019]). As the movants for summary judgment, defendants bore the initial burden of establishing their "entitlement to judgment dismissing the complaint as time-barred as a matter of law" (Caleb v Sevenson Envtl. Servs., Inc., 19 AD3d 1090, 1091 [4th Dept 2005]; see Federal Natl. Mtge. Assn. v Tortora, 188 AD3d 70, 74 [4th Dept 2020]). Where the defendants meet their initial burden, it is incumbent upon the plaintiff to raise an issue of fact in opposition (see Federal Natl. Mtge. Assn., 188 AD3d at 74; Schreiber v Cimato [appeal No. 2], 299 AD2d 813, 814 [4th Dept 2002]).
Here, even assuming, arguendo, that defendants met their initial burden on their cross motion, we conclude that plaintiff established in opposition that "the common-law, partial payment exception to the statute of limitations . . . ha[d] the effect of extending or renewing the statute of limitations period" (McNeary, 169 AD3d at 1296) with respect to Thomas Gifford. The partial payment exception "requires proof that 'there was a payment of a portion of an admitted debt, made and accepted as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder' " (id. at 1297, quoting Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d 516, 521 [1976]). "If the exception is established, the statute of limitations begins to run anew from the date of the partial payment" (id.). For plaintiff's action to have been timely commenced, a qualifying partial payment must have been made on or after April 18, 2013. Here, plaintiff's submissions demonstrated that a payment in the amount of the monthly payment required under the terms of the 2011 Agreement was made on or about May 1, 2017. Indeed, plaintiff's submissions showed that it received multiple payments in that amount between April 2013 and May 2017, and defendants did not dispute that such payments had been made.
Further, inasmuch as plaintiff also established that the partial payment exception applied to Marlene Gifford, we agree with plaintiff's contention on its appeal that the court erred in granting the cross motion insofar as it sought summary judgment dismissing the complaint against Marlene Gifford. Defendants took title to the property in question as husband and wife without any restriction, and they thereupon became tenants by the entirety (see Hosford v Hosford, 273 App Div 659, 661 [4th Dept 1948]). "In an estate by the entirety the husband and wife are each seized of the entire estate, per tout et non per my. Each owns, not an undivided part, but the whole estate" (Matter of Maguire, 251 App Div 337, 339 [2d Dept 1937], affd 277 NY 527 [1938]). Thus, any payments made by Thomas Gifford that inured to Marlene Gifford's benefit were implicitly authorized by Marlene Gifford and worked to renew the statute of limitations as to both defendants (see Clute v Clute, 197 NY 439, 447 [1910]; Ricci v Perrino, 285 App Div 502, 504-505 [3d Dept 1955]).
We also agree with plaintiff on its appeal that it was entitled to judgment as a matter of law against defendants, and we reject Thomas Gifford's corresponding contention on his cross appeal that the court erred in granting the motion insofar as it sought summary judgment on the complaint against him. "[A] plaintiff moving for summary judgment in a mortgage foreclosure action establishes its prima facie case by submitting a copy of the mortgage, the unpaid note and evidence of default" (Bank of N.Y. Mellon v Simmons, 169 AD3d 1446, 1446 [4th Dept 2019] [internal quotation marks omitted]). Here, plaintiff "established its prima facie entitlement to judgment as a matter of law by submitting a mortgage, an unpaid note, and an affidavit of its employee, who averred that she reviewed the relevant papers and attested to [defendants'] default" (HSBC Bank USA, NA v Schwartz, 88 AD3d 961, 961 [2d Dept 2011]; see Bank of N.Y. Mellon, 169 AD3d at 1446). Defendants failed to raise a triable issue of fact in opposition.
"Having failed to interpose an answer which asserted the defense [of lack of standing] or to file a timely pre-answer motion raising that defense," Thomas Gifford waived his contention on his cross appeal that plaintiff lacked standing to commence the action (HSBC Bank USA, NA, 88 AD3d at 961).
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court