IRVIN and others vs. SMITH.

*February 26 — March 18, 1884.*

*(1) Tax deed to purchaser of certificate from town is void. (2) Pleading statute of limitations.*

1. A town cannot receive or make an assignment of a tax certificate, and a tax deed issued to the purchaser of the certificate from a town is void as against the original owner of the land.
2. An answer alleged the facts showing that the limitation of sec. 1210e, R. S. had run in favor of a tax certificate, and stated generally that the defendant relied upon the statute of limitations as a defense, but failed to state that the deed issued thereon had been recorded more than nine months before the action was commenced and that the defendant relied upon the statute in that behalf to protect it from attack. *Held*, that the bar of sec. 1210d, R. S. was not available to the defendant.

APPEAL from the Circuit Court for *Door* County.

Ejectment to recover certain land in Door county, described in the complaint. It is alleged in the complaint that the plaintiffs are the owners in fee and entitled to the possession of such land, and that the defendant claims title thereto, and unlawfully withholds, and ever since January 22, 1880, has so unlawfully withheld, the possession thereof from the plaintiffs.

The answer of defendant alleges that he is the owner in fee of the land claimed; that the same was sold May 9, 1876, for the unpaid taxes thereon of 1875, and a certificate of such sale was duly issued to Door county; that such certificate was duly assigned to the defendant; and that on January 22, 1880, a proper tax deed of such land was duly and regularly issued to him, pursuant to the tax certificate, which deed was recorded in the proper register's office on the same day.

The remainder of the answer is as follows: "That no action or proceeding was commenced to set aside said sale of the premises aforesaid, nor to cancel said tax certificate issued upon such sale, nor to restrain or prevent the issuing of said tax deed, within nine months from the 22d day of January, 1880, or prior to the recording of the tax deed, and that said certificate has, by virtue of the provisions of the statute of limitations in such case made and provided, become protected from all or any attack upon the validity of said tax certificate, or said deed based thereon, and that the defendant claims and will rely upon the statute of limitations as a defense in this action."

On the trial the plaintiffs proved by the county clerk that the certificate of sale was assigned by the county of Door to the town of Liberty Grove. The only assignments proved are indorsed on the certificate, and are as follows: "Assigned August 13, 1877. A. D. THORP, County Clerk, Door County, Wis." "Assigned November 7, 1877. JOHN THORESON, Agent."

The court directed the jury to return a verdict for the defendant, which they accordingly did. A motion for a new trial was denied, and judgment for the defendant entered pursuant to the verdict. The plaintiffs appeal from the judgment.

For the appellants there was a brief by *Henry T. Scudder*, attorney, and *J. V. Quarles*, of counsel, and oral argument by *Mr. Scudder*.

For the respondent there were briefs signed by *O. E. &
.Y. V. Dreutzer,* attorneys, and *John J. Tracy,* of counsel,
and the cause was argued orally by *Mr. O. E. Dreutzer* and
*Mr. Tracy.*

LYON, J. It is not denied in the answer that the plaintiffs
are the owners of the land in controversy, unless their title
was divested by the tax deed. It appeared on the trial that the
certificate of sale, which is the basis of the tax deed, was as-
signed by the county to which it was issued, to the town of
Liberty Grove, and if the defendant ever had any interest in
it, he obtained such interest by an assignment from that
town. That the town could not lawfully receive or make
such an assignment; that the interest of the county, by
virtue of the certificate in the land described therein, has
never been divested; and that the tax deed is void as against
the plaintiffs— the original owners of the land,— is the
settled law of this state. *Eaton v. Supervisors,* 44 Wis., 489;
*Dreutzer v. Smith,* 56 Wis., 292; *Jackson v. Town of Jack-
sonport,* 56 Wis., 310.

Undoubtedly the learned circuit judge held that the plaint-
iffs were precluded from asserting the invalidity of the tax
deed because they failed to bring their action to recover the
land within nine months after the recording thereof. Hence
the direction to the jury to find.for the defendant after the in-
validity of the tax deed had been conclusively established. If
the defense of the statute of limitations interposed in the
answer goes to the deed, the ruling is correct. But if it goes
only to the certificate of sale on which the deed was issued,
and not to the deed itself, the ruling cannot be sustained.
We must determine, therefore, how broadly the statute of
limitations is pleaded.

We think it very clear that the defense of the statute of
limitations contained in the answer is confined to the certifi-
cate of sale. That is to say, both in substance and form it

is a defense of the limitation of sec. 1210*e*, R. S., and not the limitation of sec. 1210*d*, which alone is applicable to the action. The latter clause in the defense, to wit, that "the defendant claims and will rely upon the statute of limitations as a defense in this action," manifestly relates to and is limited by the preceding statement of the facts showing that the limitation of sec. 1210*e* had run in favor of the certificate.

If the defendant desired to invoke the protection of the nine months' limitation in favor of his tax deed, it would have been easy to say in his answer that such deed was recorded more than nine months before the action was commenced, and that he relied upon the statute in that behalf to protect it from attack. He failed to do so; but instead thereof sets out with great particularity and accuracy the facts which, under sec. 1210*e*, would bar an action brought to set aside the tax sale; to cancel the tax certificate; to restrain or prevent the issuing of a certificate or tax deed; or to cancel a tax deed; and invokes the protection of that statute alone to shield his tax deed from attack. The statute thus pleaded does not reach the case, and thus the tax deed is left subject to impeachment for defects and irregularities in the tax proceedings prior to its execution, and in its execution; certainly for those occurring after the certificate was issued.

The tax deed having been successfully impeached by the plaintiff on the trial, the court should have directed a verdict for the plaintiffs instead of the defendant.

As the foregoing views are conclusive of the case, it is unnecessary to consider any other question, although several other alleged errors are assigned.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.