## PIERSON V. HICKEY, Sheriff.

Under Comp. Laws, § 4379, providing that a mortgage of personal property is void as against creditors of the mortgagor unless filed with the register of deeds of the county where the property is situated, a mortgage not so filed is void as against an execution levied on the mortgaged property, though the debt on which the judgment was recovered existed before the mortgage was executed. HANEY, P. J., dissenting.

(Opinion filed July 2, 1902)

Appeal from circuit court, Yankton county. Hon. E. G. SMITH, Judge.

Action by Frances L. Pierson against William Hickey, as sheriff of Yankton county to recover possession of certain personal property. From a judgment for plaintiff, defendant appeals. Reversed.

*R. B. Tripp*, for appellant.

*French & Orvis*, for respondent.

FULLER, J. The trial court having held the lien of an unfiled chattel mortgage superior to that of an execution, and entered judgment accordingly, the defendant appeals.

The judgment upon which the execution was issued was obtained on account of an antecedent debt contracted for the purchase of the property levied upon, and the trial court held that none but those who become creditors after the execution of an unfiled chattel mortgage are protected by the following statutory provision: "A mortgage of personal property is void as against creditors of the mortgagor, and subsequent purchasers and incumbrancers of the property in good faith for value, unless the original, or an authenticated copy thereof, be filed by depositing the same in the office of the register of deeds of the county where the property mortgaged, or any part thereof, is at such time situated." Comp. Laws, § 4379. It is conceded that neither appellant nor the judgment creditor had any knowledge of the existence of the chattel mortgage at the time the property described therein was levied upon, and the important question presented here for the first time is whether the word "creditors," mentioned in the statute above quoted includes persons to whom the mortgagor, was indebted at the time of the execution of the mortgage as well as those to whom he may subsequently become indebted. In Kimball Co. v. Kirby, 4 S. D. 152, 55 N. W. 1110, the application of the statutory expression "in good faith for value" was limited to subsequent purchasers and incumbrancers but it was·not there determined whether the term "creditors" meant creditors generally, or only those who become such after the execution of the mortgage. By the use of the word "subsequent" it is clear that the legislature intended to qualify only the words "purchasers and incumbrancers,'" and, as no restriction is placed upon the word "creditors" all persons of that class are included, whether antecedent or subsequent to

the execution of the mortgage. Section 4652 of the Compiled Laws defines the meaning of the word "creditor" to be "one in whose favor an obligation exists, by reason of which he is, or may become, entitled to the payment of money" and to exclude from the protection of the statute all whose debts were in existence when the mortgage was executed would restrict the legislative policy, and require an unwarranted qualification of the word "creditors." The injury that an unfiled chattel mortgage may occasion an antecedent creditor is likely to arise from the apparent unincumbered ownership of the property in the possession of his debtor, justifying the inference of perfect security, and inducing delay in the enforcement of his claim. Were none but subsequent creditors within the purview of the statute, the judgment creditor may also be injured by the levying of an execution on property described in a secret mortgage, instead of the unincumbered property of the judgment debtor; and to protect such, as well as subsequent creditors, is the plain purpose of the enactment. It seems that the supreme court of North Dakota (Bank v. Oium, 3 N. D. 193, 54 N. W. 1034, 44 Am. St. Rep. 533) in construing an identical statute, has held that it applies only to creditors who become such after the execution of the mortgage; but we cannot believe that the legislature so intended, or that the language employed will bear such interpretation. The great weight of authority is to the effect that such statutes apply not only to creditors who become such subsequently to the execution of the mortgage, but also to those whose debts existed before that time. Karst v, Gane, 136 N. Y. 316, 32 N. E. 1073; Campbell v. Richardson, 9 Okl. 375, 51 Pac. 659; Wilson v. Leslie, 20 Ohio, 161; Baxter v. Smith, 2 Wash, T. 97, 4 Pac. 35; Cardenas v. Miller, 108 Cal, 250, 39

Pac. 783, 41 Pac. 472, 49 Am. St. Rep. 84; Bank v. Ludvigsen (Wyo.) 56 Pac. 994, 80 Am. St. Rep. 928; Cass v. Rothman, 42 Ohio St. 380; Meyer v. Miller (Neb.) 71 N. W. 315; Parlin & Orendorff Co. v. Spencer (Kan.) 33 Pac. 362; Thompson v. Van Vechten, 27 N. Y. 568; Stewart v. Platt, 101 U. S. 731, 25 L. Ed. 816; Jewell v. Simpson (Kan.) 16 Pac. 450; Bleakley v. Nelson, 56 N. J. Eq. 674, 39 Atl. 912.

The recording of the mortgage operates as notice to creditors and subsequent purchasers, and answers the purpose of immediate delivery, followed by the actual and continued change of possession contemplated by section 4657 of the Compiled Laws, rendering conclusively fraudulent and void as against creditors every transfer of such personal property otherwise made. Kimble Co. v. Kirby, supra; Longley v. Daly, 1 S. D. 257, 46 N. W. 247; Berson v. Munan, 63 Cal. 550; Roe v. Meding. 53 N. J. Eq. 350, 33 Atl. 394.

No other question being presented for determination, the judgment appealed from is reversed, and the case remanded for further proceedings consistent with the foregoing conclusion.

HANEY, P. J., dissents.