SKILLEN, Appellant, v. HARRIS, Respondent.

(No. 6,438.)

(Submitted April 8, 1929.  Decided May 15, 1929.)

[277 Pac. 803.]

*Mr. W. B. Sands,* for Appellant, submitted a brief, and argued the cause orally.

*Messrs. Cooper, Stephenson & Hoover,* and *Mr. Robert O. Kerr,* for Respondent, submitted a brief; *Mr. Kerr* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This action was instituted by the plaintiff, William Skillen, against Milton K. Harris, Milton K. Harris as executor of the estate of Hattie E. Harris, deceased, C. E. Campbell, E. Browne, Blaine county, a municipal corporation, and Grover Dowen, to quiet title to a tract of land located in Blaine county, and was transferred to Phillips county for trial. The defendants Milton K. Harris, Milton K. Harris as executor, and C. E. Campbell answered plaintiff's complaint, admitting plaintiff's claim of ownership to the property and of their adverse claims thereto, and by cross-complaint joined the additional parties named as defendants, and alleged right and claim to the property by reason of a first mortgage upon the land, which they asked to have foreclosed in the action. The plaintiff demurred generally to the cross-complaint, which was overruled. He then made reply thereto, denying the validity of the mortgage, and alleging that it had expired by limitation of the law. The separate answer of the other defendants appearing in the cause also admitted plaintiff's legal title to the land. George W. Roberts, assignee of E. Browne, by

answer made claim to the land by reason of a second mortgage, which by cross-complaint he sought to have foreclosed, and the defendants Blaine county and Grover Dowen answered separately, alleging that they were the holders of tax liens upon the property. The cause appears to have been tried before the court without a jury, at the conclusion of which judgment of foreclosure of the first mortgage on the land was entered in favor of Milton K. Harris, one of the defendants and cross-complainants in the action. The appeal is from the judgment, and the record contains only the judgment-roll.

The procedure in the action taken by Harris, cross-complainant, is authorized by our statute. (Sec. 9151, Rev. Codes 1921.) Of the plaintiff's several assignments of error, the only question presented thereby necessary to be considered in disposition of the appeal is: Was the Harris mortgage, foreclosure of which was decreed, barred by the statute of limitations? The plaintiff contends the mortgage was barred, because the attempted renewal, pursuant to the provisions of section .8267 of the Revised Codes of 1921, is fatally defective for the reasons: (1) That the law does not authorize an agent to make an affidavit of renewal of such a mortgage; and (2) that the affidavit was not filed in the office of the county clerk where the mortgage is recorded.

Section 8267 requires that, in order to avoid the bar of the statute, as one of limitations, the mortgagee, his heirs, executors, administrators, representatives, or assigns, shall, within 60 days after the maturity of the entire debt or obligation secured thereby, file an affidavit of renewal as therein prescribed. According to the language of the statute, a duly recorded mortgage on real property ceases to be of binding force as against the persons mentioned and becomes unenforceable by the lapse of eight years from the maturity of the debt or obligation secured, unless the required affidavit of renewal is filed. (*Morrison* v. *Farmers & Traders' State Bank*, 70 Mont. 146, 225 Pac. 123.) That section contemplates action to be taken by the mortgagee, or his representative, in order to

keep alive the lien of the mortgage. With that procedure the mortgagor has nothing to do. He cannot prevent it, neither can he bring it to pass. "As between the mortgagor and mortgagee, if the debt be kept alive, the mortgage is good, even after the expiration of eight years from the maturity of the note or obligation." (*O. M. Corwin Co.* v. *Brainard,* 80 Mont. 318, 260 Pac. 706.)

The protection afforded by the statute was not intended for the benefit of the mortgagor, and he will not be heard to make objection respecting the sufficiency of the affidavit of renewal, where, as here, it appears affirmatively that the principal obligation was not barred by the statute of limitations, interest having been paid down to December 1, 1921. The record does not show when this action was commenced, but the complaint must have been filed long before the expiration of eight years after the last payment of interest on the principal obligation, as, from the decree, it appears the cause was brought on for hearing on March 28, 1928, and judgment rendered July 10, 1928. Thus the principal obligation was not barred by statute (sec. 9029, Rev. Codes 1921), and the mortgage security remained effective as between the parties.

2. Whether the affidavit of renewal of the mortgage was filed or recorded is a matter of no concern to the plaintiff, who is the mortgagor. The mortgage continued enforceable as between the parties, whether the affidavit of renewal was filed or recorded, or whether there had been any affidavit at all, either filed or recorded, so long as the principal obligation was not barred. Presumably the mortgagor was familiar with all of the facts as to the status of the mortgage debt, and as to him the record notice prescribed is without purpose, as is evident from a reading of the statute. As to him constructive or other notice is wholly unnecessary.

Upon petition for rehearing we have given further earnest study and consideration to this case. The opinion above set forth will stand; but we have now determined that the judgment must be modified. As previously noted, the record consists of the judgment-roll alone. However, it appears that

plaintiff, by his complaint and replies made to the answer and cross-complaints of defendants, was insisting upon his right to compel them to set forth their various adverse claims to the property involved, and he sought judgment quieting title accordingly. It further appears that the defendant George W. Roberts, assignee of E. Browne, a mortgage holder on the land, appeared by separate answer and cross-complaint praying foreclosure, and the defendant Grover Dowen appeared by answer asserting adverse title and priority of right to the property under a county treasurer's certificate of tax sale issued because of delinquent taxes. In our opinion the judgment should indicate the respective rights and priorities of plaintiff and these defendants, if any they have. If it be found that these answering defendants have rights to the property, their relative priorities should be indicated in the judgment, and it should therein be directed that the proceeds of sale be distributed among them in accordance with their respective priorities, the overplus, if any, to be paid to the mortgagor. While the cross-action of the defendant Harris for the foreclosure of his mortgage was proper in this action, yet the respective rights of the plaintiff and of the defendants who have appeared and asserted claim to the property should be determined, not only to establish the order of their priorities, but also their positions, respectively, as redemptioners.

Accordingly the judgment must be and the same is hereby reversed, and the cause is remanded to the district court of Phillips county, with directions to make determination of the relative rights and priorities of the plaintiff and the defendants who appeared in the action on the issues presented by their respective pleadings, and otherwise to amend the judgment conformably to the views herein expressed.

We have carefully considered all other contentions made by the plaintiff, and find them to be without merit. The costs of this appeal are taxed to the respondent.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, FORD and ANGSTMAN concur.