TURNER, Respondent, *v.* POWELL et al., Appellants.

(No. 6,483.)

TURNER, Respondent, *v.* POWELL et al., Defendants; FRANK, Appellant.

(No. 6,484.)

(Submitted May 23, 1929. Decided June 12, 1929.)

[278 Pac. 512.]

*Mr. Lewis A. Smith,* for Appellants Charles E. and Margaret Powell, submitted a brief and argued the cause orally.

*Mr. R. F. Gaines,* for Appellant Alfred Frank, submitted a brief and argued the cause orally.

*Mr. Francis A. Silver* and *Mr. George W. Howard,* for Respondent, submitted a brief; *Mr. Howard* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

On June 30, 1914, defendant Charles E. Powell and his wife, Margaret Powell, executed and delivered to Julia Mink their promissory note in the sum of $700, payable two years from date, and at the same time made, executed and delivered a real estate mortgage to secure the payment of the note. On September 20, 1918, the mortgagors by deed conveyed the property covered by the mortgage to the defendant Alfred Frank, subject to the mortgage. On April 21, 1927, Julia Mink assigned the note and mortgage to plaintiff.

This action was brought on May 20, 1927, to recover judgment on the note and to foreclose the mortgage. The cause was tried to the court without a jury and judgment entered for the foreclosure of the mortgage and directing the entry of a deficiency judgment against the defendants Charles E. Powell and Margaret Powell after sale of the mortgaged property. The defendants Charles E. and Margaret Powell filed a joint appeal from the judgment, and the defendant Frank appealed separately. The same record is presented in both appeals, and the two will be considered in one opinion.

#### APPEAL OF CHARLES E. AND MARGARET POWELL.

The defendants Charles E. and Margaret Powell in their answer to the complaint pleaded that the cause of action on the note as to them was barred by section 9029, Revised Codes

of 1921. The record discloses that neither of these defendants made any payment on the note after September 20, 1918, the date of the transfer of the property by them to defendant Frank. Payments were made of interest accruing on the note up to May, 1926, by applying the rental from the property toward the payment thereof. This was done by John G. Bailey, manager or owner of the Bailey Loan & Realty Company, through whom the loan was originally made and who held the note as agent, first for Julia Mink, and later for plaintiff, and collected the rents. After paying expenses, such as water rent and commissions, the balance of the rental was applied by him toward the payment of interest on the note. These payments were made without the knowledge of Charles E. or Margaret Powell; they did not authorize or ratify the payments. Some payments were also made by remittances by check from defendant Alfred Frank, but no proof was offered showing when the last remittance was made.

It it well settled that partial payment of a past-due note by one joint obligor does not extend the time within which the action may be brought, as against the co-obligor who neither authorized nor ratified such payment. (*First National Bank of Miles City* v. *Bullard,* 20 Mont. 118, 49 Pac. 658; *Oleson* v. *Wilson,* 20 Mont. 544, 63 Am. St. Rep. 639, 52 Pac. 372; *Monidah Trust* v. *Kemper,* 44 Mont. 1, Ann. Cas. 1912D, 1326, 118 Pac. 811; *Morgan* v. *Huffman,* 76 Mont. 396, 247 Pac. 326.) Here the defendant Frank was not a joint obligor on the note, but evidently made the payments in order to prevent foreclosure of the mortgage. Neither the direct payments made by him nor the application of the rental toward the payments of interest, which was done without the knowledge or ratification of the defendants Charles E. and Margaret Powell, were effective to extend the time within which action against them could be brought on the note. Payments by the grantee of the mortgagor who takes the property subject to the mortgage do not arrest the running of the statute of limitations against the liability of the mortgagor on

the note. (*Trustees of Old Alms House Farm of New Haven* v. *Smith,* 52 Conn. 434; *Home Life Ins. Co.* v. *Elwell,* 111 Mich. 689, 70 N. W. 334; *Empire Trust Co.* v. *Heinze,* 242 N. Y. 475, 152 N. E. 266.) The same rule prevails where the grantee assumes and agrees to pay the mortgage debt and makes payments thereon. (*Cottrell* v. *Shepherd,* 86 Wis. 649, 39 Am. St. Rep. 919, 57 N. W. 983; *Mack* v. *Anderson,* 165 N. Y. 529, 59 N. E. 289; *Regan* v. *Williams,* 88 Mo. App. 577; Id., 185 Mo. 620, 105 Am. St. Rep. 600, 84 S. W. 959; *Boughton* v. *Harder,* 46 App. Div. 352, 61 N. Y. Supp. 574; *Dundee Mortgage & Trust Inv. Co.* v. *Horner,* 30 Or. 558, 48 Pac. 175.)

"No deficiency judgment or decree can be made in foreclosure proceedings where the debt secured by a mortgage is barred by the statute of limitations." (37 C. J. 704; and see 42 C. J. 290, and cases there cited; Jones on Mortgages, 8th ed., sec. 1545.)

The debt here involved, in so far as it affected the defendants Charles E. and Margaret Powell, was barred by the statute of limitations. It was error to award to plaintiff a deficiency judgment against the defendants Charles E. and Margaret Powell. The judgment as to them is reversed.

#### APPEAL OF DEFENDANT FRANK.

The defendant Frank contends that the lien of the mortgage was not extended as provided in section 8267, Revised Codes of 1921. It is contended by him that the affidavit, filed on November 13, 1923, for the purpose of extending the lien of the mortgage, was fatally defective, and that it was filed prematurely. In the view we take of the case it is unnecessary to pass upon either of these contentions.

As between the mortgagor and mortgagee the mortgage lien is good so long as the debt is not barred by the statute of limitations, and no extension affidavit is necessary. (*Skillen* v. *Harris, ante,* p. 73, 277 Pac. 803.)

The grantee of the mortgagor, taking the property subject to the mortgage and while the lien was valid and subsisting, stands in the shoes of the mortgagor, in that he takes

the property burdened with the lien, and as to him no affidavit of extension is necessary, so long as payments on the indebtedness have been made by him within the period of the statute of limitations. (*Chester State Bank* v. *Minneapolis T. M. Co.*, 58 Mont. 44, 190 Pac. 136.)

The term "subsequent purchasers," as used in section 8267, does not embrace one who takes the property while the lien of the mortgage is subsisting and who expressly takes it subject to the mortgage. As to him, the running of the statute of limitations for the foreclosure of the mortgage is tolled by payments made by him on the mortgage indebtedness, and this even though the principal obligation is barred as to those personally liable for the debt. Thus, in Jones on Mortgages, eighth edition, section 1536, it is said: "A payment by a purchaser from the mortgagor is a binding admission that the land is subject to the mortgage and operates to suspend the running of the statute of limitations against a foreclosure of the mortgage."

In *McLane* v. *Allison*, 60 Kan. 441, 56 Pac. 747, it was held that interest payments made by the grantee of property—the deed reciting the existence of a mortgage as an encumbrance —was a recognition that the land was subject to the mortgage and an engagement for its satisfaction up to the value of the mortgaged property, even though the principal obligation as to those personally liable therefor was barred by limitations.

In *Fitzgerald* v. *Flanagan*, 155 Iowa, 217, Ann. Cas. 1914C, 1104, 135 N. W. 738, the court, after reviewing the authorities on the subject, said: "It seems, then, to be well established by authority that the grantee of a mortgagor who takes subject to the mortgage may revive or keep alive the debt secured by the mortgage so as to render the mortgage enforceable against him, although perhaps he cannot revive the debt so as to make it a personal obligation against the mortgagor." This rule is well established. (*Liebl* v. *Schaeffer*, 134 Wash. 168, 235 Pac. 26; *Phifer* v. *Abbott*, 73 Fla. 402, 74 South. 488;

*Medina* v. *Phelps*, 39 Colo. 92, 88 Pac. 484; *Hollister* v. *York*, 59 Vt. 1, 9 Atl. 2; *McLaughlin* v. *Senne*, 78 Neb. 631, 111 N. W. 377.)

Here the proof offered by plaintiff showed that interest had been paid by defendant Frank on the note up to May, 1926. Some payments were made by him by the application of rentals thereon and others by check, but the time of the last payment made by check does not appear. Defendant Frank did not testify in the case. This evidence was sufficient to make out a prima facie case that interest payments arrested the running of the statute of limitations as to defendant Frank on the suit to foreclose the mortgage. Furthermore, defendant Frank did not plead the statute of limitations as against the mortgage foreclosure (assuming he might have done so—compare *Fitzgerald* v. *Flanagan,* supra), and, if the statute is not pleaded, it is waived. (*Parchen* v. *Chessman,* 49 Mont. 326, Ann. Cas. 1916A, 681, 142 Pac. 631, 146 Pac. 469; *State ex rel. Kolbow* v. *District Court,* 38 Mont. 415, 100 Pac. 207.)

The judgment foreclosing the mortgage against defendant Frank was proper, and to that extent is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, GALEN and FORD concur.