REED, RESPONDENT, v. RICHARDSON ET AL., APPELLANTS.

(No. 6,993.)

(Submitted January 28, 1933. Decided March 29, 1933.)

[20 Pac. (2d) 1054.]

*Mr. L. H. Rhodes,* for Appellants, submitted an original and a reply brief and argued the cause orally.

*Mr. H. S. Kline,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

This is an appeal from a judgment in a foreclosure action submitted to the district court of Hill county upon an agreed statement of facts. The following facts are admitted:

On March 10, 1917, one John W. Cox and wife gave two mortgages to the Van Sant Company; the first, the subject of this foreclosure action, secured a note for $2,800 due April 1, 1922. The principal amount and interest are unpaid. The second secured a note for $283.25 due on the same date. It recited that it was subject to the first mortgage. The first mortgage was assigned to, and is now owned by, the plaintiff. The second mortgage was assigned to one C. R. Beddall, who foreclosed the same and obtained a sheriff's deed to the property. On March 14, 1923, Beddall and wife executed a quit-claim deed with the name of the grantee left blank, and delivered it to defendant T. H. Richardson. Richardson held the deed until October 1, 1929, when he inserted his own name

therein as grantee, thereafter, on October 28, 1929, placing the same on record in Hill county, Montana, the county wherein the real estate is located.

No affidavit of renewal of the first mortgage was filed under the terms of section 8267, Revised Codes 1921. The original makers of the note, Cox and wife, were not joined as parties defendant, the suit being against Richardson and his wife alone. The plaintiff paid, under the terms of the mortgage, certain taxes levied and assessed against the land.

Upon the agreed statement of facts plaintiff was awarded a judgment for the amount of principal, interest, taxes and costs. From this judgment defendants have appealed.

It is important to note that Richardson, appellant, in his amended answer alleged that "for a separate and distinct answer and defense herein these defendants allege, and each of them alleges, that the lien of plaintiff's mortgage expired on the 1st day of April, 1930, for the reason that plaintiff did not, nor any one for her, within sixty days after the 1st day of April, 1930, file in the office of the county clerk and recorder of Hill county, Montana, an affidavit pursuant to section 8267 of our Revised Codes of 1921."

The agreed statement of facts states the nonpayment of the note and, in the following words, recites that no affidavit of renewal was filed: "That the plaintiff did not, nor did any one in her behalf, within sixty days after the 1st day of April, 1930, file in the office of the county clerk and recorder of Hill county, Montana, an affidavit pursuant to section 8267 of the Revised Codes of Montana."

Appellants argue that the action is barred by the statute of limitations. It will be observed, however, that the defendants did not plead the statute of limitations as to the debt, but merely contented themselves with the allegation that no affidavit of renewal was filed in conformity with section 8267, Revised Codes of Montana.

The contention that the action is barred by the statute of limitations must fail by reason of the failure to plead the same. Appellants did not plead the general statute of limita-

tions as a defense to the debt. They did not plead that the debt was barred by any statute, and this, we hold, was necessary. If they sought to avail themselves of the benefits of a statute of limitations as to the debt, they should have pleaded it. To take advantage of the general statutes of limitations as a defense they must be pleaded specially. (Sec. 9065, Rev. Codes 1921; *King* v. *Mayor of City of Butte,* 71 Mont. 309, 230 Pac. 62; *American Min. Co.* v. *Basin & Bay State Min. Co.,* 39 Mont. 476, 104 Pac. 525, 24 L. R. A. (n. s.) 305; *Cullen* v. *Western M. & W. Title Co.,* 47 Mont. 513, 134 Pac. 302.)

The appellants, by pleading that the affidavit of renewal ▮ was not filed in accordance with section 8267, did not thereby invoke the protection of the statute applicable to the debt. "Where a statute of limitations is pleaded which is not applicable to the cause of action claimed to be barred, the plea is bad, and as a general rule the protection of another statute which is not pleaded cannot be invoked." (37 C. J. 1222; and see *Onderdonk* v. *San Francisco,* 75 Cal. 534, 17 Pac. 678; *Blakely* v. *Ft. Lyon Canal Co.,* 31 Colo. 224, 73 Pac. 249; *Irvin* v. *Smith,* 60 Wis. 175, 18 N. W. 724.)

Richardson, holder of the title from the second mortgagee, ▮ had a right to invoke the statute of limitations and claim the benefits thereof, even though he was not primarily liable to pay the debt. Such was also true in the case of *Ewell* v. *Daggs,* 108 U. S. 143, 2 Sup. Ct. Rep. 408, 411, 27 L. Ed. 682, where the court said: "He is a party defendant because he has an interest by a subsequent conveyance in the lands sought to be sold under the mortgage. He has an equity of redemption, which entitles him to prevent a foreclosure and sale by payment of the mortgage debt; but the debt he has to pay is not his own, but that of James B. Ewell [in the instant case, Cox]. If he can show that that debt no longer exists, because it has been barred by the statute of limitations, he is entitled to do so; but he must do it by showing that it is barred as between the parties to it. If not, the land is still subject to the pledge, because the condition has not been performed. It is not to the purpose for the appellant to show that he owes the debt

no longer, for in fact he never owed it at all; but his land is subject to its payment as long as it exists as a debt against the mortgagor, for that was its condition when his title accrued." (See, also, *McClaugherty* v. *Croft*, 43 W. Va. 270, 27 S. E. 246, 247; *Lord* v. *Morris*, 18 Cal. 482.)

In *Fitzgerald* v. *Flanagan*, 155 Iowa, 217, 135 N. W. 738, 741, Ann. Cas. 1914C, 1104, it was said: "As the grantee who holds the legal title is the only necessary party, the universal holding is that he is in such privity to the original mortgagor that he may plead the bar of the statute. [Citing authorities.] * * * Having this right, it is optional with the grantee whether or not he will interpose such a plea, and it is not for his grantor to complain. If he has the right to interpose the plea, it logically follows that he should be allowed to waive the statute, which is one of repose in his behalf, and we think that a grantee from a mortgagor of real estate, the mortgage being of record and a prior lien upon the land, may waive the statute of limitations after action brought, or revive the cause of action before suit is commenced, as provided in section 3456 of the Code. Indeed, this seems to have been the holding of all courts where the question has arisen, no matter what their view as to the effect of the statute in general."

In *McClaugherty* v. *Croft*, supra, the court, in discussing the right to plead a statute of limitations, said: "The plea of limitations is generally personal to the debtor, and cannot be used by a stranger; yet I think one who is his privy in estate, as an heir or devisee, grantee, or mortgagee, may defend his property with such plea."

Hence, in this case, Richardson, having the right to interpose the plea of the statute, had the right to waive it by failure to plead it, and this he did.

Richardson had at least constructive notice of the mortgage at the time he took the quitclaim deed. He therefore took the land subject to the mortgage (*Fitzgerald* v. *Flanagan*, supra; *Curtis* v. *Holee*, 184 Cal. 726, 195 Pac. 395, 18 A. L. R. 1024), as in *Morrison* v. *Farmers' & Traders' State Bank*, 70 Mont. 146, 225 Pac. 123, and not coupled with an assumption of the

mortgage debt, as in *Kinyon Investment Co.* v. *Belmont State Bank,* 69 Mont. 282, 221 Pac. 286.

The first mortgage was in effect at the time Richardson took title by virtue of the foreclosure of the second mortgage and of his quitclaim deed. He was not a subsequent purchaser under section 8267 of the Revised Codes of 1921, as construed in *Turner* v. *Powell,* 85 Mont. 241, 278 Pac. 512.

This is the rule elsewhere. Thus, in *Bliss* v. *Redding,* 121 Neb. 69, 236 N. W. 181, 183, the court, in discussing this question under a statute very similar to section 8267, said: "Until March 31, 1928, the bank, as holder of the $2,500 mortgage, expressly made subject to the prior $3,000 mortgage, would not have claimed that it was more than a junior incumbrancer. We think the legislature intended to provide a cure and a remedy for stale mortgages—to protect those purchasers and incumbrancers who, on searching the records, find no mortgages or incumbrances except those on which the statute has run, and then become purchasers, mortgagees or incumbrancers. It is abhorrent to equity, and an unworthy and unnecessary construction of the statute, to hold that this bank or its receiver, in such circumstances as exist here, may outrank a senior mortgage by a junior mortgage. It accords with standard rules of construction to say that a subsequent incumbrancer for value is one who obtains his incumbrance after the statute has run against the prior incumbrance, as shown by the public record relating to the latter; that the statute operates prospectively."

The *Morrison Case,* supra, while correctly stating the purpose of section 8267, failed properly to apply it under the facts of that case, and it was to all intents and purposes overruled by later cases, and particularly that of *Turner* v. *Powell,* supra. While section 8267 was properly held, in the *Morrison Case,* to work an amendment of section 8243, it could do so as against those only who are affected by section 8267. One not a subsequent purchaser within the meaning of that section is not affected by it. As to him the lien of the prior mortgage is not

extinguished so long as an action may be brought on the principal obligation. (Sec. 8243.)

As between the parties, the mortgage may be good if the ▉ debt is kept alive, even after the expiration of eight years from the due date of the obligation. (*O. M. Corwin Co.* v. *Brainard*, 80 Mont. 318, 260 Pac. 706; *Skillen* v. *Harris*, 85 Mont. 73, 277 Pac. 803.) This court has said in a similar case: "When the debt died (if it did), the mortgage died with it." (*Jones* v. *Hall*, 90 Mont. 69, 300 Pac. 232, 234.)

It cannot be said, however, that the debt is dead as to Richardson without benefit of the general statute of limitations. In the above case, *Jones* v. *Hall*, the court said with reference to a mortgage debt: "Unless the defendants Hall did make a payment upon the $1,000 note on November 1, 1921, it was barred by the statute of limitations (if pleaded)."

A number of letters written by Richardson to Miss Reed, the plaintiff and respondent, are in the record. Respondent urges that these letters toll the statute and remove its bar. It is not necessary to consider these letters in the light of our view of the case. If appellant waived the benefit of the statute of limitations by failing to plead it, the debt remained alive as far as this case is concerned, and as against appellants. It is urged that the letters are a recognition of the mortgage; but it is not necessary to decide that, or construe the legal effect of such recognition, under the rule laid down by the court, that so long as the debt is alive and good between the parties, the mortgage is still alive.

Section 8267 was enacted by the legislature in 1913 in an apparent effort to purge the records of stale mortgages and thereby clear titles to land in the state. The supreme court in the case of *Morrison* v. *Farmers & Traders' State Bank*, supra, gave the section a rather sweeping construction. When, however, some of the later cases were presented to the court, consideration was given to the clause "as against the creditors of the mortgagor or owner of the land mortgaged, or subsequent purchasers or encumbrancers" as used in section 8267, and thereby there came into the proposition the rights of

"subsequent purchasers." The court is therefore of the opinion that the judgment of the district court should be affirmed.

It is pertinent to observe that at the recent session of the legislative assembly the section was amended (Senate Bill No. 199, Chapter 104, Laws of 1933). Many of the points involved in this case and in the other cases mentioned will not be troublesome in the future.

The judgment is affirmed.

ASSOCIATE JUSTICES ANGSTMAN, MATTHEWS and ANDERSON concur.

MR. CHIEF JUSTICE CALLAWAY, Dissenting:

I am unable to see any justification for the decision in this case. Upon the facts and procedure followed it cannot be distinguished from *Morrison* v. *Farmers & Traders' State Bank,* 70 Mont. 146, 225 Pac. 123; the two cases are on all-fours. The application of the *Morrison Case* has been limited to some extent by subsequent decisions, but never directly or indirectly as to such fact conditions as are presented here; as to these it has been consistently affirmed. (*O. M. Corwin Co.* v. *Brainard,* 80 Mont. 318, 260 Pac. 706; *Vitt* v. *Rogers,* 81 Mont. 120, 262 Pac. 164; *Skillen* v. *Harris,* 85 Mont. 73, 277 Pac. 803.)

It is true that some apparent confusion has resulted from efforts to reconcile two sections of the Revised Codes of 1921: Section 8264, which provides for the extension of a mortgage by joint act of the parties pursuing "the formalities required in the case of a grant of real property," and section 8267, which permits the extension of a mortgage by affidavit filed by the mortgagor or his successor. As is observed in the majority opinion, between the mortgagor and the mortgagee a mortgage is good as long as the debt secured thereby is alive (section 8243); and as between them section 8267 has no application. (*Skillen* v. *Harris,* supra; *Turner* v. *Powell,* 85 Mont. 241, 278 Pac. 512.)

The case of *Jones* v. *Hall*, 90 Mont. 69, 300 Pac. 232, 234, has little similarity to this. There the mortgagors did not have any defense to the mortgage foreclosure except the general statute of limitations, which it was necessary for them to plead, as they did. To sustain her case the plaintiff Jones attempted to show that the Halls had made a payment on the debt and thus kept it alive. If the debt were alive, as between the Halls and the plaintiff, the mortgage was good. Plaintiff had filed an affidavit of renewal under the provisions of section 8267, and this her counsel argued extended the life of the obligation. Respecting that we said: "Our attention is called to the cases of *Morrison* v. *Farmers & Traders' State Bank*, 70 Mont. 146, 225 Pac. 123, *Corwin* v. *Brainard*, 80 Mont. 318, 260 Pac. 706, and *Vitt* v. *Rogers*, 81 Mont. 120, 262 Pac. 164, where we said that Chapter 27, Laws of 1913, now section 8267, Revised Codes 1921, is in effect a statute of limitations operating as an amendment of section 8243, Revised Codes 1921, and from this plaintiff's counsel argue that the affidavits of renewal extended the life of the obligation. But upon reference to the history of section 8243, as given in *Berkin* v. *Healy*, 52 Mont. 398, 158 Pac. 1020, and *Vitt* v. *Rogers*, supra, and considering the reasons for the enactment of section 8267, it is plain that the argument is not sound. These reasons are given in the *Morrison Case*, the *Corwin Case*, and the *Vitt Case*. Section 8267 affects merely the lien of the mortgage; it does not extend the life nor affect the debt which the mortgage is given to secure." It will be remembered that the defendants Amos, the alleged second mortgagors, asked for the foreclosure of their mortgage only upon the contingency that plaintiff Jones' mortgage were held valid.

One who is not liable for the payment of a debt is under no obligation to plead the statute of limitations challenging its existence. When Richardson pleaded the special statute of limitations afforded by section 8267, he set up a perfect defense. As he had not become liable for the debt, it did not make any difference to him whether it was alive or not. When the vendee of the mortgagor connects himself with the debt by

making payments upon it, of course a different situation arises. (*Turner* v. *Powell*, supra.)   To say his plea based upon section ·8267, wherein he followed the procedure in the *Morrison Case* exactly, is not good, and that he must plead against the life of the debt, which is no concern of his, presents a confusion of ideas.   Such a contention is contrary to the plain intent of the statute and is not warranted by anything this court has ever said in construing it.

The majority opinion denies to Richardson a statutory right and places upon him a burden not justified by law.   Worse yet, it does that which no court has the right to do; in effect it repeals a valid statute.

Rehearing denied May 22, 1933.