FIRST NATIONAL BANK OF WHITEFISH, APPELLANT, v. GUTENSOHN ET AL., DEFENDANTS; DICKINSON, ADMR., RESPONDENT.

(No. 7,249.)

(Submitted April 28, 1934. Decided June 26, 1934.)

[37 Pac. (2d) 555.]

454

Cause submitted on briefs of Counsel.

*Mr. Rock D. Frederick,* for Appellant.

*Messrs. Logan & Child,* for Respondent.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This action was brought to foreclose a real estate mortgage. The defendants Peter G. Gutensohn and Mary M. Gutensohn, his wife, executed and delivered the mortgage to the plaintiff to secure the payment of certain promissory notes. The mortgage was recorded on January 19, 1922. The notes matured one year after date. The mortgagors made and delivered to plaintiff renewal notes dated October 14, 1924, and May 14, 1926. These renewal notes evidenced the original indebtedness and were secured by the original mortgage.

Defendant Peter G. Gutensohn on January 14, 1918, was indebted to Mary E. Gutensohn, who died prior to the commencement of this action. Defendant E. F. Dickinson was appointed administrator of her estate on May 7, 1930. On June 7, 1930, Dickinson brought action against Peter G. Gutensohn to recover on the indebtedness owing by him to Mary E. Gutensohn, deceased, and on October 31, 1930, re-

covered a judgment in that action for the sum of $6,541. Thereafter, on December 27, 1930, the defendant Peter G. Gutensohn and others, "in lieu of said judgment," executed certain promissory notes of various maturities, and a real estate mortgage describing the lands contained in the mortgage of the plaintiff bank to Dickinson as administrator, which mortgage was recorded on May 14, 1931. Plaintiff brought this action to foreclose its mortgage.

The complaint is in the usual form for the foreclosure of a real estate mortgage. Dickinson, as administrator, was made a party defendant. He appeared by answer and, after setting forth the above facts with reference to the mortgage held by him and the indebtedness secured thereby, alleged that plaintiff's mortgage was invalid as against him, by reason of the failure of plaintiff to file an affidavit of renewal within the time and in the manner required by section 8267, Revised Codes 1921. It is conceded that no such affidavit was filed by the plaintiff bank.

The case was tried before the court without a jury. Findings of fact were requested by the plaintiff; they were adopted in part and rejected in part by the trial court. The plaintiff sought to have the court find that its mortgage was prior and superior to that of the defendant Dickinson. The court found that the mortgage of plaintiff was subordinate and inferior to that of Dickinson. Conclusions of law were made in accordance with this finding. Judgment and decree of foreclosure was in accordance with the finding of the court.

It is unnecessary to note the other findings, as they are not challenged by any of the parties. It is, however, well to note that the trial court found that the indebtedness originally secured by plaintiff's mortgage was renewed, so that no question arises as to the indebtedness secured by the mortgage being barred by the general statute of limitations. Plaintiff has appealed from the judgment.

By numerous appropriate specifications of error plaintiff challenges the correctness of the court's finding to the effect that the mortgage of the defendant Dickinson is superior to its

own, and the judgment in accordance therewith. The facts in the case are not in dispute.

The plaintiff contends that its mortgage is a valid one as against the defendant administrator. The administrator asserts, in accordance with the finding of the trial court, that plaintiff's mortgage is invalid by reason of the provisions of section 8267, supra, in that no affidavit of renewal thereof was filed as therein provided. The pertinent portion of that section provides as follows: "Every mortgage of real property made, acknowledged, and recorded as provided by the laws of this state is thereupon good and valid as against the creditors of the mortgagor or owner of the land mortgaged, or subsequent purchasers or encumbrancers, from the time it is so recorded until eight years after the maturity of the entire debt or obligation secured thereby, and no longer, unless the mortgagee, * * * within sixty days after the expiration of said eight years, file * * * , an affidavit" setting forth certain facts. This statute has frequently been before this court for interpretation.

It will be noted that under the facts in this case the mortgage to defendant Dickinson, as administrator, was executed and delivered within eight years subsequent to the maturity of the debt secured by plaintiff's mortgage. This action was brought in the year 1931, but subsequent to the expiration of eight years and sixty days after the maturity of the debt secured by and as provided in plaintiff's mortgage.

Plaintiff contends that under the decisions of this court interpreting the statute which will presently be noted, the trial court was in error. Defendant Dickinson asserts these decisions are not controlling, and that this case is governed by this court's decision in *Morrison* v. *Farmers & Traders' State Bank*, 70 Mont. 146, 225 Pac. 123. There, in August, 1907, one Birely and wife executed a note and mortgage maturing three years after date. In 1915 the mortgaged property was sold to one Lapp, subject to the mortgage, and he in turn soon conveyed the property to Morrison, who in 1920 instituted a suit to quiet title against the holder of the Birely mortgage.

No affidavit of renewal of the Birely mortgage had been filed. It was there held that the lien of the Birely mortgage had expired and that Morrison held title to the mortgaged property free from the mortgage lien.

Subsequently this court held that where the mortgagor and mortgagee had extended or renewed a mortgage by written agreement within eight years subsequent to the maturity of the mortgage, it was good and valid as against a purchaser of the mortgaged property where he acquired title to the mortgaged property after the execution and recording of the extension agreement but within such period (*O. M. Corwin Co.* v. *Brainard*, 80 Mont. 318, 260 Pac. 706); also where the purchaser acquired title to the mortgaged property subsequent to the execution and recording of the extension agreement but within eight years after maturity of the obligation (*Vitt* v. *Rogers*, 81 Mont. 120, 262 Pac. 164); and where the extension agreement was made within the eight-year period and the purchaser acquired his interest within the same period of time but the extension agreement was not recorded until following the expiration of the period and the purchaser failed to record his conveyance until after the recording of the extension agreement. (*Hastings* v. *Wise*, 91 Mont. 430, 8 Pac. (2d) 636.) In the *Corwin* and *Vitt Cases*, supra, the court expressly declined to follow the doctrine of the *Morrison Case*, supra, as applied to the facts before it in those cases, and declared that the pronouncement in the *Morrison Case* applied only to the facts there before the court.

In the case of *Turner* v. *Powell*, 85 Mont. 241, 278 Pac. 512, Powell and wife on June 30, 1914, executed and delivered a mortgage securing a note maturing two years after date. On September 20, 1918, the mortgagors conveyed the property, subject to the mortgage, to one Frank. The mortgagee assigned her interest on April 21, 1927, to Turner, the plaintiff in the action, which was brought for the foreclosure of the mortgage. This court there treated the case as though no affidavit of renewal had been filed, and held that the mortgage could be foreclosed as against Frank, the purchaser of the mortgaged

property, although more than eight years and sixty days had elapsed following the maturity of the debt secured by· the mortgage, and no affidavit of renewal had been filed as required by section 8267.

Again, this court in the case of *Reed* v. *Richardson,* 94 Mont. 34, 20 Pac. (2d) 1054, where a purchaser during the eight-year period following the maturity of a real estate mortgage acquired the mortgaged property, held that the purchaser could not successfully assert the invalidity of the mortgage by reason of the failure to file the affidavit of renewal provided for in section 8267 in the foreclosure action brought after the expiration of the statutory period, following its decision in the *Turner Case,* supra.

Clearly the decision in this case is ruled by our decisions in the cases of *Turner* v. *Powell* and *Reed* v. *Richardson,* supra, unless the court desires again to change its position, recede from the pronouncements therein made, and return to the doctrine of the *Morrison Case,* or unless the case is distinguishable upon the facts.

As to the first proposition, it is desirable that the law, particularly with reference to property and property rights, be stable, and that persons desiring to invest therein may do so relying upon the decisions of this court. Lawyers should be able to advise their clients as to the state or condition of a title definitely and with assurance that this court will not depart from the confines of its past decisions. Whatever it may be argued was the intention of the legislature in the enactment of section 8267, or the meaning of the section, this court has heretofore, as pointed out above, given its interpretation of the statute. It is indeed difficult to imagine a case where there would be more reasons for the application of the doctrine of *stare decisis* than are here present.

Defendant attempts to distinguish this case from others herein referred to, by asserting that he was a creditor before the mortgage was given, and proceeds to argue that he, being once a creditor, is always a creditor, and that this court's former decisions all relate to either purchasers or encum-

brancers. It is true that defendant Dickinson's claim was that of a creditor only in the first instance, but within the eight-year period following the maturity of the debt secured by the mortgage sought to be foreclosed, by the affirmative act of this defendant his status was changed from that of a general creditor to that of a mortgagee.

In the case of *State ex rel. Malott* v. *Board of County Commissioners*, 89 Mont. 37, 296 Pac. 1, this court said: "An encumbrance is a burden or charge upon property; a claim or a lien upon an estate which may diminish its value; a burden or claim upon the property; a mortgage; any right to lands which may subsist in third persons to the diminution of the value of the estate." When the defendant Dickinson secured the mortgage upon the lands in question, he became an encumbrancer; and, having acquired this encumbrance upon the lands while plaintiff's mortgage was a valid and subsisting mortgage as against creditors and subsequent encumbrancers, he was, on the authority of *Turner* v. *Powell* and *Reed* v. *Richardson*, supra, in no position to assert the invalidity of plaintiff's mortgage here.

This action was commenced prior to the enactment of Chapter 104, Laws of 1933, which is an amendment to section 8267. The parties to this appeal do not assert that this amendment has any application here.

The cause is remanded to the district court with directions to modify the findings of fact, conclusions of law, and judgment and decree in accordance with the views herein expressed. The plaintiff will recover its costs on this appeal.

ASSOCIATE JUSTICES MATTHEWS and STEWART concur.

MR. CHIEF JUSTICE CALLAWAY: I dissent. This case is a demonstration of what may result from following an erroneous precedent, and what is almost sure to happen when a court pays more attention to its opinions construing a statute than it does to the statute itself. As a result of either fault, the court will be fortunate if it escapes the barbed shafts of just criticism.

The governing statute is section 8267, Revised Codes 1921, and it is couched in language "so plain, simple and direct that it would appear to construe itself," as Mr. Justice Holloway said in *Morrison* v. *Farmers' & Traders' State Bank*, 70 Mont. 146, 225 Pac. 123. The title of the Act under which section 8267 became a law, reads: "An Act defining the duration of liens of mortgages upon real estate and the manner of the extension thereof," and here is the statute: "Every mortgage of real property made, acknowledged, and recorded, as provided by the laws of this state, is thereupon good and valid as against the creditors of the mortgagor or owner of the land mortgaged, or subsequent purchasers or encumbrancers, from the time it is so recorded until eight years after the maturity of the entire debt or obligation secured thereby, and no longer, unless the mortgagee, his heirs, executors, administrators, representatives, successors, or assigns, shall, within sixty days after the expiration of said eight years, file in the office of the county clerk and recorder where said mortgage is recorded, an affidavit, setting forth the date of said mortgage, when and where recorded, the amount of the debt secured thereby, and the amount remaining unpaid, and that the said mortgage is not renewed for the purpose of hindering, delaying, or defrauding creditors of the mortgagor or owner of the land, and upon the filing of said affidavit, the said mortgage shall be valid against all persons for a further period of eight years; * * * ."

In the *Morrison Case* it was said that the purchaser of real property subject to a mortgage does not assume any personal liability for the debt secured thereby. The statement is indubitably correct; he does not assume liability for the debt unless he agrees to do so.

The facts are simple. The bank's mortgage was given on January 14, 1922, to secure the payment of one promissory note for $600, and five in the sum of $1,000 each, all dated January 14, 1922, due one year from date, and bearing interest from date at the rate of ten per cent. per annum. On October 14, 1924, the mortgagors Gutensohn and wife executed to

the bank a note for $600 due on or before six months from date, with interest at ten per cent. per annum, and on May 14, 1926, they executed to the bank a note for $4,412.50, due on or before six months after date, bearing interest from date at eight per cent. per annum. The record made by filing the mortgage on January 19, 1922, remained unchanged. While it appears in the evidence that the note dated October 14, 1924, was a renewal of the original $600 note, and the note of May 14, 1926, was a renewal of the balance due upon the five $1,000 notes, no notice of the fact was given to the public or others interested. In other words, so far as third parties were concerned, the mortgage secured the original notes and none other.

Mary E. Gutensohn was a creditor of Peter G. Gutensohn, one of the mortgagors, when the mortgage was given and continued to be. On October 31, 1930, her administrator obtained judgment against P. G. Gutensohn for $6,541. On December 27, 1930, Peter G. Gutensohn, signing his name P. G. Gutensohn, Mary M. Gutensohn, his wife, and Agnes M. Gutensohn, in lieu of the judgment executed and delivered to Dickinson, as administrator, promissory notes aggregating the amount of the judgment with accumulated interest, and executed and delivered to Dickinson, administrator, a real estate mortgage, which was filed for record in the office of the county clerk on May 14, 1931. The amount of the indebtedness upon this mortgage at the time of the trial was wholly unpaid except the sum of $390.

Construing section 8267 in the *Morrison Case,* Mr. Justice Holloway declared it a statute of limitations and not a part of the general recording statutes or *in pari materia* with them. None of these declarations have ever been denied in any decision of this court, save impliedly in *Reed* v. *Richardson,* post, which will be referred to later on in this opinion.

At all times section 8264, providing for the extension of a mortgage by joint act of the parties "pursuing the formalities required in the case of a grant of real property" was in effect. In *O. M. Corwin Co.* v. *Brainard,* 80 Mont. 318, 260 Pac. 706,

it was held that the method prescribed by section 8267 for extending the liability of a real mortgage by the filing of an affidavit by the mortgagee is not exclusive, but that under section 8264 an extension may be effected by agreement between the parties to the mortgage by pursuing the formalities in the case of a grant of real property where the rights of third parties had not intervened. The correctness of the decision in the *Morrison Case* was not questioned.

In *Vitt* v. *Rogers*, 81 Mont. 120, 262 Pac. 164, the application of sections 8264 and 8267 was under consideration and there was an attempt to harmonize the two. It was there expressly held that "section 8267 is in effect a statute of limitations operating as an amendment of section 8243, as was said in the *Morrison Case*; the purpose of the legislature in enacting it was to fix a definite time when the lien of a mortgage can be no longer said to exist; that time is reached when eight years have elapsed from the maturity of the debt as shown by the record, and no renewal or extension has been filed."

In the *Morrison, Corwin* and *Vitt Cases* the reasons which caused the enactment of section 8267 were explained in more or less detail, with especial reference to that provision of the section which requires the mortgagee "to state in the renewal affidavit the date of the mortgage, when and where recorded, the amount of the debt renewed thereby, and the amount remaining unpaid, and that the mortgage is not renewed for the purpose of hindering creditors of the mortgagor or owner of the land." Note the special reference to creditors.

We declared unequivocally in *Pereira* v. *Wulf*, 83 Mont. 343, 272 Pac. 532, that "the record discloses that the period of the lien of the mortgage expired prior to the commencement of the action (sec. 8267, Rev. Codes 1921), the mortgage being dated September 27, 1917, and given to secure a note maturing two years after that date, by reason of the failure of the mortgagee to file the affidavit required by section 8267 within sixty days after September 27, 1927, and the land, which had passed to a subsequent purchaser, was freed from the burden of paying the mortgage debt," citing the *Morrison* and *Vitt Cases*.

In *Skillen* v. *Harris,* 85 Mont. 73, 277 Pac. 803, it was held that unless the affidavit of renewal of a recorded real estate mortgage is filed within sixty days after maturity of the debt as security for which it was given, by the mortgagee, his heirs, representatives, or assigns as required by section 8267, it becomes unenforceable after the lapse of eight years from the maturity of the debt as against the creditors of the mortgagor or subsequent purchasers or encumbrancers, but that as between the mortgagor and mortgagee the mortgage lien is good so long as the debt is not barred by the statute of limitations irrespective of whether or not the affidavit provided in section 8267 be filed.

This obvious point was adverted to in *Turner* v. *Powell,* 85 Mont. 241, 278 Pac. 512. In that case one Frank had purchased the property subject to the mortgage, while the lien was valid and subsisting, and had made payments on the debt. It was said that ''the term 'subsequent purchasers' as used in section 8267 does not embrace one who takes the property while the lien of the mortgage is subsisting and who expressly takes it *subject* to the mortgage.'' (Italics mine.) This language was not sufficiently guarded. It was used upon the theory that by his actions Frank had assumed the debt. He had made payments upon it. The *Morrison Case* was not mentioned in *Turner* v. *Powell,* and there was no intention to overrule it, and to contend otherwise is wholly unwarranted.

In *Hastings* v. *Wise,* 89 Mont. 325, 297 Pac. 482, it was held that where third persons are not affected thereby, a mortgagor of land may, under section 8264, Revised Codes 1921, by agreement with a mortgagee executed as provided therein, in effect procure a renewal of the mortgage by an extension of the time of payment of the debt secured by it, regardless of the provisions of section 8267, relative to the filing of a renewal affidavit. The court followed the doctrine of *O. W. Corwin Co.* v. *Brainard,* differentiating the case upon the facts, from those in the *Morrison Case.* There was not the slightest reflection upon the *Morrison Case,* and what was said

respecting notice, or the recording statutes, had no reference thereto.

The second case of *Hastings* v. *Wise*, 91 Mont. 430, 8 Pac. (2d) 636, followed the first, upon the theory that a real estate mortgage extension agreement executed as provided by section 8264, supra, is a conveyance within the meaning of section 6938, Id., and held that a real estate mortgage extension agreement executed under section 8264, although not recorded until after the period of extension had expired, was superior to a deed given by the mortgagors subject to the mortgage, it being declared that, as the extension agreement was recorded before Keller's deed was placed of record, it took precedence over the deed. There was no intention, implied or otherwise, in the two *Hastings Cases* to overrule the doctrine of the *Morrison Case*. On the contrary, there was an attempt to maintain the integrity of section 8264 without reference to section 8267, which is a statute of limitations, unaffected by the recording statutes.

*Jones* v. *Hall*, 90 Mont. 69, 300 Pac. 232, has no bearing upon the case here. In that case it was held that section 8267, limiting the validity of a mortgage, unless renewed, to eight years after maturity of the debt which it was given to secure, affects merely the lien of the mortgage and does not extend the life of the debt, and to that extent amends section 8243, which provides that a lien is extinguished by the lapse of time within which an action can be brought upon the principal obligation; hence, where the debt dies, the mortgage dies with it.

In *Reed* v. *Richardson*, 94 Mont. 34, 20 Pac. (2d) 1054, the facts are widely at variance with the facts in the case at bar and it is not authority here. It makes the erroneous statement that the *Morrison Case* "was to all intents and purposes overruled by later cases, and particularly that of *Turner* v. *Powell*, supra." (In addition to the foregoing analysis of the cases, see dissenting opinion in *Reed* v. *Richardson*, supra.)

On the contrary, upon the vital point in question here, the doctrine of the *Morrison Case* that section 8267 is a statute of limitations, is not a part of the general recording statutes,

and is not even *in pari materia* with them, stands unchallenged and indisputably is a correct construction of section 8267. Not in any case before this court, until now, have the rights of "creditors" been involved. Upon the lapse of eight years and sixty days after the maturity of the debt, secured by the mortgage of record, the property is subject to the demands of a creditor, unless the affidavit of extension under section 8267 has been filed, and no court has any right to declare the contrary in the face of this valid statute, which is plain and unequivocal upon its face. As to creditors the mortgage is good for eight years and sixty days and no longer, unless the required affidavit be made.

If the mortgagee does renew the mortgage it is imperative that the affidavit shall show the amount remaining unpaid. He must let the world know how much of the indebtedness has been paid and how much the mortgage secures. Moreover, he must show that the mortgage is not renewed for the purpose of hindering, delaying or defrauding creditors of the mortgagor or owner of the land.

At any time a creditor may cease to be a general and become a special creditor by following the ordinary processes of the law. He may secure his debt by a judgment which, when docketed, becomes a lien upon the real property. The judgment lien, over which he has control and which he can foreclose by execution as soon as the mortgage is at an end, is not in anywise affected by actual or constructive notice of the mortgage. He does not weaken his position by extending the debtor further time by accepting a mortgage upon the property, for notice does not affect his status.

At this point, what are the facts? Dickinson, as administrator, had judgment on October 31, 1930. The lien of the bank's mortgage expired on January 14, 1931, unless vitalized by the affidavit required by section 8267, on or before March 15, 1931. The bank did not file the affidavit. Within the sixty-day period Dickinson took a mortgage in lieu of the judgment lien. This mortgage was not placed of record until May 22, 1931. The bank's mortgage was then dead, except

as between the immediate parties thereto. But on the very day the administrator filed his mortgage of record the bank brought this suit. Can it be possible that while notice was immaterial to the administrator while he held his vantage point as a judgment creditor, he lost it when he indulgently extended the debtor more time by accepting a mortgage upon the land instead of holding his judgment lien, and this upon the hypothesis that notice, immaterial while he was a judg-ment creditor, became material when he took the mortgage? If this be true, the administrator's acceptance of a mortgage from the judgment debtor made the bank's moribund mort-gage superior to the administrator's for all time, regardless of action by the bank. A mere statement of the facts reduces the majority opinion to an absurdity.

The statute plainly controls the case and demands an af-firmance of the judgment. The erroneous precedents, if politeness requires they be called precedents, should be dis-regarded.

MR. JUSTICE ANGSTMAN: The question here presented is not controlled by any former decision of this court. Section 8267 provides in part that "every mortgage of real property made, acknowledged, and recorded, as provided by the laws of this state, is thereafter good and valid as against the creditors of the mortgagor or owner of the land mortgaged, or subse-quent purchasers or encumbrancers, from the time it is so recorded until eight years after the maturity of the entire debt or obligation secured thereby, and no longer, unless the mortgagee, his heirs, executors, administrators, representatives, successors or assigns shall, within sixty days after the expira-tion of said eight years, file in the office of the county clerk and recorder where said mortgage," etc., "an affidavit * * * ."

Prior decisions of this court cited in the majority opinion have to do only with the validity of a mortgage where no re-newal affidavit was filed, as against subsequent purchasers or encumbrancers. Here we are brought to the question as

to the effect of the failure to file a renewal affidavit as against a creditor. The word "subsequent," as used in the statute, qualifies the words "purchasers" and "encumbrancers," and not creditors. (*Pierson* v. *Hickey*, 16 S. D. 46, 91 N. W. 339.) Here, Mary E. Gutensohn was a creditor, and as to her the mortgage of plaintiff was void for failure to file the renewal affidavit, unless the fact that before the expiration of the eight years and sixty days she took a mortgage alters her status as a creditor. The fact that she took a mortgage to secure her antecedent debts did not deprive her of her status or benefits as a creditor. The statute when speaking of subsequent encumbrancers does not mean those who take encumbrances in consideration of an antecedent indebtedness. Such an encumbrancer is still a creditor and entitled to the benefits of the statute as a creditor. (*Blumauer* v. *Clock*, 24 Wash. 596, 64 Pac. 844, 85 Am. St. Rep. 966; *Smith* v. *Allen*, 78 Wash. 135, 138 Pac. 683, Ann. Cas. 1915D, 300; *Belcher* v. *Young*, 90 Wash. 303, 155 Pac. 1060; *Dempsey* v. *Pforzheimer*, 86 Mich. 652, 49 N. W. 465, 13 L. R. A. 388.)

Under the statute, notice to the creditors of the existence of the antecedent mortgage does not alter the situation. (Compare *Griffiths* v. *Thrasher*, 95 Mont. 238, 26 Pac. (2d) 983.)

While there appears no good reason for declaring the unrenewed mortgage void as against "creditors," even though they became such while the mortgage was good and valid, and void as against only those purchasers and encumbrancers who became such after the expiration of the period for filing the renewal affidavit, yet we must construe the statute as written.

I think the judgment of the trial court was correct and should be affirmed.

Motion for rehearing denied November 13, 1934, MR. CHIEF JUSTICE CALLAWAY and MR. JUSTICE ANGSTMAN dissenting.